THE PEOPLE, *ex rel.* James S. Brownson and others, *vs.* THE MARINE COURT OF THE CITY OF NEW YORK and others.

THE SAME *vs.* THE SAME.

THE SAME *vs.* THE SAME.

The writ of prohibition does not issue to correct errors or irregularities in administering justice by inferior courts, but to prevent courts from going beyond their jurisdiction in the exercise of judicial power in matters over which they have no cognizance.

It ought not to issue where the party has a° complete remedy in some other and more ordinary form.

The writ will not be issued upon the ground that the affidavits on which proceedings by attachment were founded did not show certain matters which were necessary, to justify the issuing of the attachment.

Nor will it be issued on the ground that the debt for which the plaintiff was entitled to sue, in the court below, was larger than the jurisdiction of that court permitted to be recovered there; provided the plaintiff, to obviate that difficulty, remits all beyond the amount of which the court has jurisdiction.

APPEAL from an order made at a special term, denying an absolute writ of prohibition. Actions were commenced by Samuel W. Slocum in the marine court of the city of New York, against James S. Brownson, Frank P. Slocum and Edward Hopkins, by attachment, upon three several promissory notes made by the defendants for $600, $650 and $600, respectively. The complaint in each case was the usual complaint upon a promissory note. The defendants put in an

answer, in each case, in which they claimed and insisted that the action ought not to be maintained against them: "*First.* Because the same was begun by attachment issued on the 9th day of September instant, which attachment was founded on an affidavit sworn to by the plaintiff on said day, and that there are not, as they are advised and believe, facts sufficient stated in the said affidavit to give this court jurisdiction thereof. *Second.* Because the action was commenced by the attachment of property, the alleged debt exceeding $500. *Third.* Because there is another action pending in this court for a part of the entire cause of action of which the matters stated in the complaint herein form a part. *Fourth.* And for a further defense, the defendants, without waiving their aforesaid objections to the jurisdiction of this court, say that the plaintiff, on the 17th day of March, 1861, by his son Frank P. Slocum, borrowed of the defendants the sum of $80 in cash, promising to return the same immediately, which has not been done, but that the said sum, with the interest thereon, remains due and unpaid, and is a just and valid set-off and counter-claim to the alleged claim of the plaintiff herein. *Fifth.* And for a further defense, the defendants, without waiving their aforesaid objections to the jurisdiction of this court, say that on or about the 6th day of May, 1861, the plaintiff, as they are informed and believe, through the agency of and by collusion with the said defendant Frank P. Slocum, abstracted from the pocket-book of the defendant's firm four negotiable promissory notes for $300 each, made by the plaintiff to the order of the defendants, each dated January 31st, 1861, two of which matured on the 3d of June, and on the 3d of August, 1861, respectively, and the other two of which will mature respectively on the 3d of October and February next, and that the said four notes were, at or about the time of the making thereof, delivered by the plaintiff to the defendants for value received; that they are the lawful property of the defendants and are unpaid, but are fraudulently retained and held by the plaintiff, and that the

claim therefor is a further just and valid set-off and counter-claim to the notes in the complaint mentioned. *Sixth.* And for a further defense, by leave of the court first duly obtained, and without waiving their aforesaid objections to the jurisdiction of this court, the defendants say that, as they are informed and believe, since the commencement of this suit, and on the 14th day of September instant, the plaintiff, through the agency of and by collusion with the said defendant Frank P. Slocum, abstracted from the defendants' store, and still retains in his possession, goods belonging to the defendants, amounting at cost price to $769.53, and the market value whereof is $1000, or thereabouts. And these defendants say that the claim therefor is, as they are advised and believe, a further just and valid set-off and counter-claim to the notes in the complaint mentioned." Wherefore the defendants demanded judgment for $500 against the plaintiff.

The actions being at issue, the defendants therein sued out a writ of prohibition, commanding the marine court to desist and refrain from any further proceedings therein until the next special term of the supreme court to be held at chambers in the city hall, in the city of New York, on the first Monday of October, 1861, and until the further order of the court; and directing the marine court to show cause before the supreme court, at that time and place, why it should not be absolutely restrained from any further proceedings in such actions. The marine court made a return, in each case, in which it stated that the attachment in said action was duly issued out of this court on the 9th day of September, 1861, returnable on the 12th day of September. That the same was duly returned on the said 12th day of September, personally served on the defendant, with an inventory of the property of the defendants attached by the sheriff thereunder. That on the return day of said attachment the defendants therein appeared by their counsel, and moved to dismiss the proceedings for want of jurisdiction, on account of the insufficiency of the plaintiff's affidavit; which motion was over-

ruled. That no appeal had been taken from said decision, but, on the motion of the defendants, the trial of the case was adjourned to the 24th day of September, 1861, and the plaintiff was ordered to serve his complaint, and the defendants to answer before that day. That upon the adjourned day the said action was called for trial, at which time the writ of prohibition was served. Whereupon the trial of the action was adjourned to the 14th October, 1861.

On the return day of the alternative writ, the court, after a hearing of the respective parties, made an order denying the motion to make the writ absolute, and discharging the alternative writ, without costs. The following reasons were assigned by the justice at the special term, for his decision.

SUTHERLAND, J. "The general principle is, that courts, in rendering judgments, must have jurisdiction not only of the subject matter, but also of the person; but I understand that a writ of prohibition issues only on the ground that the inferior court or tribunal is taking cognizance, or is about to proceed to take cognizance, of matters not within its jurisdiction. (*Bac. Abr. Prohibition, K.*) In this case it appears that the three suits in the marine court, against the relators, were severally commenced by attachment. The attachments were processes to obtain the appearance of the relators, as defendants in those suits. They claim that the attachments were irregularly issued; that the affidavits on which they were based were insufficient, and did not give the marine court jurisdiction; but this question of jurisdiction relates to the person only, and need not, and cannot, I think, be properly determined on this application for a writ of prohibition. Besides, the relators, on the return of the attachment, appeared, and moved to discharge them, on the ground that the affidavits on which they were issued were insufficient; which motion was denied. If the marine court decided erroneously on this point, the remedy is by appeal; or, per-

haps, by action, when any judgments which may be obtained shall be enforced or attempted to be enforced.

The remaining question, then, is whether the marine court has jurisdiction of the subject matters of the three actions. The three actions are on three several promissory notes for $600, $650 and $600, respectively ; the respondent Slocum, the plaintiff in those suits, claiming to recover only the amount of $500 in each suit on one of the notes. The relators, in their answer in each suit, after pleading to the jurisdiction on several grounds, set up three several counter-claims aris- ing on contract ; one for $80, one for $1200, and the other for $1000. The answers are severally verified.

The question is whether the marine court has now juris- diction of the subject matter of these actions, and can pro- ceed in them to hear the proofs of the parties. In my opinion it has such jurisdiction, and can proceed to hear the proofs of the parties.

By the code, in an action arising on contract for the re- covery of money only, the marine court had jurisdiction when the amount *claimed* did not exceed $100, but it had no jurisdiction of a matter of account "where the sum total of the accounts of both parties, *proved* to the satisfaction of the justice, shall exceed four hundred dollars." (*Code,* §§ 65, 53, 54, *sub.* 4.) By the act of April 17th, 1852, § 9, the jurisdiction of the marine court was extended, in these words : " In all cases in which the jurisdiction of said marine court is now limited, so that there can be no recovery therein for a larger amount than $100, the jurisdiction is hereby extended, so that in such actions the *recovery* of *either* party may here- after be to the amount of $250, with costs," &c. By the act of July 21, 1853, § 2, the jurisdiction of the marine court is fur- ther extended, in these words : " In cases where the jurisdiction of said court is now limited, so that there can be no *recovery* therein for a larger amount than two hundred and fifty dol- lars, the jurisdiction is hereby extended, so that in such cases the *recovery* of either party may hereafter be to the amount

of $500, notwithstanding that the accounts of both parties may exceed $400." It will be seen that the limitation of the jurisdiction, by the provisions of the acts of 1852 and 1853 quoted, is as to the amount of the *recovery* of *either* party. By the act of 1853 the marine court has jurisdiction, "notwithstanding that the accounts of both parties may exceed $400." The excess is not qualified or limited. It would appear that the limitation of jurisdiction as to matters of account by the code, § 54, sub. 4, which limitation depended on the "sum total of the accounts of both parties, *proved to the satisfaction of the justice*," if it applied to the marine court, has been wholly taken away by the act of 1853; and yet, by the express words of the act, the marine court cannot render a judgment for either party for over $500.

Where there are claims and counter-claims arising on contract, I think the question of jurisdiction must be determined by the admissions or proofs, and not by the mere statement of the claims in the pleadings, although verified. If the respondent Slocum proves his claim, and the relators prove their whole counter-claim, or to an amount exceeding one thousand dollars in any one of the three suits, the court can give them judgment for $500 only; and as they cannot be compelled to split up any one of their claims arising on one contract, or to release any part of it, in my opinion the result is that the marine court should, on such proof, and upon the relators declining to take judgment for $500 only, dismiss the suit. But in case the marine court should refuse to do so, either upon the ground that the proof was not satisfactory, or upon any other ground, I do not mean now to express an opinion on the question whether the relators' remedy would be by writ of prohibition or by appeal, or by an equitable action to stay Slocum's judgments in the marine court, until they could recover judgment for their counter-claims in a court of sufficient jurisdiction.

In any view of the question of jurisdiction, the relators are *premature* in their application for a writ of prohibition. In

this court, the respondent Slocum could have included his claims on the three several notes in one action; and if he had brought three actions, one on each note, he would have done so subject to the power of the court to consolidate them into one action. There are some old common law cases which would go to show that the respondent Slocum had no right to reduce his claim on the relators' three notes severally, for the purpose of giving the marine court jurisdiction; that his doing so should be considered a fraud on this court, and that upon that ground a prohibition should be granted. There are also old common law cases which go to show that the bringing of the three several actions, on the three several notes, in the marine court, at the same time, should be considered as intended to defraud this court of its jurisdiction. (*See Bac. Abr. Prohibition K, and cases there cited.*) But I doubt the applicability of this principle of fraud to the question of jurisdiction in this case, at this day, or to the system of courts here, where we have several courts of superior concurrent jurisdiction. Certainly this court has no cause to complain of being defrauded of its jurisdiction; and I do not see how the relators can complain of being acquitted of the payment of $100 on each note. The cases cited by the counsel for the relators, to show that no facts being set forth in the returns of the marine court in answer to the alternative writs, an absolute prohibition must issue of course, assume that the facts upon which the alternative writs issue, unanswered, are sufficient to authorize the absolute writ.

Upon the whole, I think the application for the absolute writs should be denied, but without costs."

From the order entered in pursuance of this opinion, the relators appealed to the general term.

*H. D. Sedgwick*, for the appellants.

*Livingston K. Miller*, for the respondents.

*By the Court*, INGRAHAM, P. J. We see no good reason for granting the writ of prohibition asked for on these motions. The writ does not issue to correct irregularities or errors in administering justice by inferior courts, but to prevent courts from going beyond their jurisdiction in the exercise of judicial power in matters over which they have no cognizance. (2 *Hill*, 367. 7 *Wend.* 518.) It ought not to issue where the party has a complete remedy in some other and more ordinary form. (2 *Hill*, 367.)

In the present case, the first ground upon which the writ is asked for is, that the affidavit on which the proceedings complained of were founded did not show certain matters which the relators think were necessary, to justify the issuing of the attachments. This is so clearly a matter of practice in the court, to be remedied first by a motion to the court, secondly, by an appeal to the general term, and next to the common pleas, that it seems only necessary to mention it to show that the error is not to be corrected by a writ of prohibition.

Another ground on which the relator asks for the writ is, that the debt for which the plaintiff was entitled to sue was larger than the jurisdiction of the marine court permitted to be recovered in that court. To obviate this difficulty the plaintiff remitted all over $500, and only sought to recover the latter sum. We think the defendant, who is relator here, has no cause to complain because the plaintiff sees fit to reduce the amount of his indebtedness by relinquishing to the debtor a part of his debt. It does not affect the jurisdictional question. The person, and the subject matter, were both within the jurisdiction of the court, and there is nothing to show that the court attempted to exceed its powers, in rendering judgment for a greater amount than the statute allowed. Nor do we consider it any act in fraud of the jurisdiction of the higher courts, calling for this particular remedy. At the present day there is no necessity for such proceedings, to preserve the jurisdiction of the courts—cer-

tainly none for applying such a remedy simply because the creditor gives to his debtor one fifth of his indebtedness.

The objection as to counter-claims is also expressly provided for in the act relating to the marine court.

None of these grounds show any attempt on the part of the court to exceed its jurisdiction, or to exercise any authority not conferred upon it by law. There is therefore no reason for issuing this writ, and the order made at special term, denying this application, should be affirmed.

[New York General Term, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]