## SUPREME COURT.

The People *ex rel.* New York Consolidated Stage Co. agt. The Court of Common Pleas for the City and County of New York.

*Writs of prohibition* are granted by the superior courts of England, and in this state by the supreme court alone, to prevent inferior courts from *exceeding their jurisdiction*, or to prevent the usurpation of jurisdiction. But this court cannot issue the writ to deprive an inferior court of a jurisdiction which the law in its wisdom has thought proper to give it.

The *court of common pleas* for the city and county of New York is intrusted with equity powers as amply as this court, to entertain jurisdiction of an action to set aside as fraudulent, an assignment for the benefit of creditors, and to enjoin the assignee from holding possession of or interfering with the assigned property and effects.

*General Term, February*, 1865.

*Before* Ingraham, *P. J.*, Clerke *and* Sutherland, *Justices.*

Appeal from an order revoking a writ of prohibition.

C. A. Rapallo and Wm. F. Allen, *for relators, appellants.*

A. R. Lawrence, Jr., and H. W. Robinson, *for respondents.*

By the Court, Clerke, J. I. The weight of authority is certainly in favor of the proposition, that a refusal to grant a writ of prohibition is not appealable. It seems to have been held by the greater number of judges in England that the awarding of a prohibition is discretionary; that is, in the language of Matthew Bacon: "from the circumstances of the case the superior courts are at liberty to exercise a legal discretion, but not an arbitrary one, in refusing prohibitions, where in such like cases they have been granted, or where by the laws and statutes of the realm, they ought to be granted." (*Bacon's Abridgement, Title Prohibition B*; see also *ex parte Brandlacht*, 2 *Hill*, 367.)

The determination of this question is, however, not neces-
sary in the present case, for the justice, from whose order
this appeal is taken, was abundantly justified in refusing
to grant a writ of prohibition, or, which is the same thing,
in revoking a writ which he had inadvertently issued.

The writ is granted by the superior courts of Westmin-
ster, and in this state by the supreme court alone, to pre-
vent inferior courts from exceeding their jurisdiction.  It .
appears to me very plain that the court of common pleas,
in entertaining jurisdiction of the action entitled *Hugh
Smith and John Kerr* agt. *The New York consolidated Stage
Company and others*, did not exceed its jurisdiction.  In
doing so, that court does not necessarily exercise the visita-
torial power intrusted alone to the supreme court.  The
main object of the action was to have an alleged fraudulent
assignment executed by a majority of the directors declared
null and void, and to enjoin the assignee from holding
possession of or interfering with the property and effects
of the company.  This is the exercise of the ordinary
equity powers, with which the court of common pleas is
as amply intrusted as the supreme court.  To grant a writ
of prohibition, therefore, in that action, would be an
attempt to deprive the common pleas of a jurisdiction
which the law, in its wisdom, has thought proper to give
it ; whereas, this court is only allowed to issue the writ to
prevent the usurpation of jurisdiction.  If, in the exercise
of its lawful authority, or if, having taken rightful cogniz-
ance of an action, the common pleas should not only
declare the assignment null and void, and enjoin the as-
signee from taking possession of the property of the com-
pany, it should go further and assume additional powers
which it does not possess, or committ any other error, the
remedy is not for the injured parties to apply to this court
for a writ of prohibition, but to have recourse to the ap-
propriate appellate jurisdiction for a correction of such
errors.  In short, although this court, in the exercise of its

supreme superintending power over all other courts of original jurisdiction in the state, will, unhesitatingly, issue a writ of prohibition, where visitatorial or any other authority is usurped, it will refuse the writ when the general scope or purpose of the action is within the jurisdiction of the inferior court—an overstepping of its authority in a portion of its judgment, or any other error in its proceedings, being a ground of appeal or review, but not of prohibition (*see Grant* agt. *Gould*, 2 *H. Black.* 100, *for various reasons a most interesting case*).

The order should be affirmed, with $10 costs.

SUTHERLAND, J., concurred.