THE PEOPLE, *ex rel.* Bean, *vs.* RUSSELL.

The fact that a tenant, against whom summary proceedings are instituted by the landlord, to recover possession of the premises, has a good defense to the proceedings, will not entitle him to a writ of prohibition to restrain the magistrate from entertaining the proceedings.

Although it be plain that the magistrate cannot, in conformity with law, decide in favor of the landlord, he is not thereby deprived of jurisdiction over the proceedings.

If the judge has jurisdiction of that class of proceedings, he cannot be prohibited from adjudging upon the question of the termination or expiration of the term. It cannot be assumed that he will pronounce an erroneous

judgment.   On the contrary, the presumption of law is, that he will decide correctly.

The tenant must await the decision ; and if it be erroneous, he has his remedy by *certiorari,* or an action for damages.

MOTION for a writ of prohibition, to restrain the defendant, as city judge of the city of New York, from entertaining summary proceedings under the statute, instituted by a landlord against a tenant, to recover the possession of leased premises.

LEONARD, J.   It is entirely clear that there is no condition or limitation to the grant of the term.   The term granted is one year.   It is well settled that a condition contained in the covenants of a lease, and not embraced in the term named in the grant, does not affect the continuance of the term ; but the landlord must, in such case, resort to his action for damages against the tenant, on a breach of his agreement.

But, conceding these positions taken by the counsel for the relator, it does not follow that she is entitled to the writ of prohibition.   Although it is plain that the city judge cannot, in conformity with law, decide in favor of the landlord, he is not thereby deprived of jurisdiction over the proceedings.   The question of jurisdiction is settled by the nature of the proceeding, and not by the terms of the contract.   The proceeding is by the landlord, for the summary ejectment of a tenant holding over, as it is alleged, after the termination of the term.   The city judge has jurisdiction to hear that class of proceedings.   The claim of the landlord being denied, he is to try the question.   The fact that the term has not expired, does not appear until the tenant has produced her lease in evidence.   It is sought to prohibit the city judge from adjudging upon the question of the termination or expiration of the term.   It cannot be assumed that the city judge will pronounce an erroneous judgment. The presumption of law is that he will decide correctly.

The tenant must, I think, wait for the decision ; and, if erroneous, she has her remedy, by *certiorari*, to procure a reversal ; and also an action for damages, if she should be illegally dispossessed.

The application is denied, with costs.

[NEW YORK SPECIAL TERM, February 4, 1867. *Leonard*, Justice.]