## Maria. B. Dayton et al.

### vs.

### Parker Paine et al.

As a general rule the office of a writ of prohibition is not to correct errors, or reverse illegal proceedings, but to prevent or restrain the usurpations of inferior tribunals, or judicial officers, and to compel them to observe the limit of their jurisdiction. At common law the writ is directed to the judge and parties of a suit in an inferior court commanding them to cease from the prosecution thereof.

While it seems that our statutes allow the writ to run to an officer who is not acting strictly as a Court, yet the office of the writ is only to restrain the exercise of judicial power.

Dayton et al. v. Paine et al.

If the writ runs to such officer he is required to make a return thereto, upon which issue is joined ; if it runs to the Court and prosecuting party a return is made by the Court. The party as such is not required or permitted to make a return. While he is permitted to adopt the return of the Court, he is not required to do so, and whether he does or not, on the issue made on the return the question to be determined is, whether the Court should be restrained. Unless the Court is restrained the party cannot be. His acts except in prosecuting the suit are not a subject of inquiry in such proceedings.

When it is made to appear that the Court is about to transcend its legal authority, or usurp jurisdiction, it and the prosecuting party should be restrained ; until this is made to appear, neither can legally be.

The writ of prohibition is issued for the purpose of arresting illegal proceedings, and cannot be used as a remedy for acts already completed.

Maria B. Dayton, the sole legatee of Lyman Dayton, deceased, and Lyman C. Dayton, who claims to have been unlawfully removed from the office of administrator, with the will annexed of the estate of said Lyman Dayton, applied upon affidavit to this Court for a writ of prohibition to be issued, directed to Parker Paine, the administrator of said estate, appointed after the removal of said Lyman C. Dayton, and R. F. Crowell, Judge of Probate of Ramsey county. It was stated in the affidavit, among other things, that the time within which to sell real estate belonging to said estate under a license granted by said Court, had been extended, unlawfully, and without notice ; that said Paine had sold a large amount of real estate belonging to said estate under said license, unnecessarily, without authority, and at a large sacrifice ; that such sales had been confirmed by said Court, that said Court had refused to revoke such license, on the ground of a supposed want of power ; that said Paine purposed to sell and had noticed for sale on the 20th day of July, 1868, another large amount of real estate belonging to said estate under said license. The affidavit sets out other acts of said

Paine in that regard which it charges to be unlawful, and asks the interposition of the Court in their behalf restraining the defendants from further proceedings, &c.   The affidavit was made on the said 20th day of July, the day of the sale, and the alternative writ was issued on the day following.

Brisbin & Palmer for Petitioners.

H. J. Horn & W. H. Grant for Respondents.

*By the Court*—Wilson, Ch. J.—The office of the writ of prohibition is not to correct errors, or reverse illegal proceedings, but to prevent or restrain the usurpations of inferior tribunals or judicial officers, and to compel them to observe the limit of their jurisdiction. *Prignitz vs. Fisher*, 4 *Minn.*, 366; *Home Ins. Co. vs. Flint, ante, p.* 244; and cases there cited; *Comyns' Dig. Tit. Prohibition; People vs. Marine Court*, 36 *Barb.*, 348; *Cooper vs. Stocker*, 9 *Rich. So. Car.*, 292; *Leonard's case*, 3 *Rich.*, 113; *State vs. Nathan*, 4 *Rich.*, 514; *Quimbo Appo vs. The People*, 20 *N. Y.*, 540; *Guardians, &c., vs. Smithgate*, 26 *E. L. & E.*, 530; *United States vs. Hoffman*, 4 *Wal.*, 158; *Arnold & Parrish vs. Phelps*, 5 *Dana*, 18; *Washburn vs. Phillips et al.*, 2 *Met.*, 296; *People vs. Court of Common Pleas*, 43 *Barb.*, 280

Any apparent exceptions that there may be to this general rule, do not affect its applicability to the case at bar.   See *Leonard's case*, 3 *Rich. So. Car.*, 113–114.   At common law the writ is directed to the judge and parties of a suit in an inferior Court, commanding them to cease from the prosecution thereof.   Our statute provides that the writ shall be served upon the Court and party, *or officer*, to whom it is directed, &c. Hence, perhaps this remedy is allowed in this State for the

purpose of arresting the proceedings of an officer who is not acting strictly as a Court, but even if this is so, the office of the writ is, nevertheless, only to restrain the exercise of judicial power. *Home Ins. Co. vs. Flint, ante.*, p. 244. If the writ runs to such officer, he is required to make a return thereto, upon which issue is joined ; and if it runs to a Court and prosecuting party, a return is made by the Court. The party as such is not required or permitted to make a return. While he is permitted to adopt the return of the Court he is not required to do so, and whether he does or not, on the issue made on the return, the question to be determined is whether the *Court* should be restrained. The party is only restrained from moving the Court to do the prohibited act, and therefore, as a matter of course, unless it is determined that the Court should be restrained, he cannot be. His acts except in prosecuting the suit are not a subject of inquiry in such a proceeding, for the writ only arrests judicial acts, and what he does, or threatens to do, except in moving the Court in the prohibited direction, is immaterial.

The theory of the relator is that Paine is a party ; as such he was proceeded against, and therefore was not required to make return to the writ, but was permitted to adopt the return of the Judge of Probate. Hence we are only called upon to determine whether it has been made to appear that the Court is about to transcend its legal authority, or usurp jurisdiction. If so, it and the party Paine (assuming that he is a "party") should be restrained; if not, neither can legally be. The acts particularly complained of have, as it appears, already been done, and therefore it is not necessary for us to inquire whether they were unauthorized or not, for as we have seen the writ is issued for the purpose of *arresting* proceedings, and cannot be used as a remedy for acts already completed. See *United States vs. Hoffman.*

Dayton et al. v. Paine et al.

The sale of real estate complained of appears to have been made on the 20th day of July, and the alternative writ in this case was issued on the 21st day of the same month. There is no proof that the Court threatens or intends in the future to do any unauthorized or illegal act. Even if we admit that the sale was illegal, we have no right to presume that the Court will illegally and in disregard of its duty confirm it, for there is no evidence of an intention or disposition to do so, and in the absence of such evidence we have no right to issue the writ. *Prignitz vs. Fischer.*

If these views are correct judgment must be for the defendants, for it is not material in the decision of this case whether Paine has acted without legal authority, or whether the administrator's sale of real estate on the 20th of July was unnecessary, or whether the Judge of Probate refused to revoke the license to sell on the ground of a supposed want of power to make such revocation—for, admitting all that the relator charges in this respect, this is not the mode of redress given by the law. Admitting—which we do only for the purpose of this argument—that the relator has proven that the acts of the defendants complained of and which have already been done were illegal and unauthorized, we think judgment must be for the defendants.

Berry, J.—I assent to the conclusion arrived at in the foregoing opinion, to wit, that the case must be determined in favor of the defendants.

McMillan, J.—I think it does not appear in this case that the Probate Court has acted, or proposes to act without its jurisdiction in the premises, and concur generally in the views expressed by the Chief Justice, and assent to the conclusion arrived at by him.