## SUPREME COURT.

The People *ex rel.* The City of Albany, and George H. Thacher, agt. Jacob H. Clute, County Judge of Albany County, and Joseph H. Ramsay.

A *writ of prohibition* should not be resorted to where there exists another adequate remedy.

A writ of prohibition issued against a *county judge* to prohibit him from proceeding further upon an application to bond a city or town for *railroad purposes* will be vacated and set aside on the ground that the statute and amendments under which these proceedings for bonding the property of a city or town for railroad purposes are taken, furnish and provide a complete mode of review by *certiorari*, which is adequate to redress any wrong or correct any error which may occur in the proceedings

*Troy Special Term, December 12th,* 1871.

Ingalls, *Justice.*

This is a motion to vacate a writ of prohibition granted in the above matter to prevent the county judge from proceeding further upon the application to bond the city of Albany for railroad purposes.

> R. W. Peckham, Jr., N. C. Moak, and Lyman Tremain, *for the motion.*
> Matthew Hale, Samuel Hand, and John H. Reynolds, *in opposition.*

Ingalls, *J.*—The writ of prohibition, although borrowed from the common law of England, from which we have derived so much that is valuable in our jurisprudence, is expressly recognized in the Revised Statutes of this state, where the practice under it is regulated (*See 3d vol. R. S.,*

*page* 899, *5th ed*).   It is also preserved by the 471st section of the Code.   The antiquity of this remedy detracts nothing from its value any more than in regard to *habeas corpus*, *mandamus*, *ne exeat, and injunction*, all of which remedies have been incorporated into and have become so necessary a part of our judicial system.   The writ of prohibition has been less frequently resorted to than the other remedies above mentioned, because the occasion therefor rarely occurs where there does not exist another remedy more usual and convenient.   But there occasionally occurs a state of facts, and an emergency, when this remedy is remarkably appropriate and its operation salutary.   Hence the infrequency of its use argues nothing against the validity or value of the process when appropriately applied.   There is ordinarily but little ground to apprehend that serious injury or even inconvenience will arise from a resort to either of the remedies above mentioned, because the court or officer who grants the same can be applied to without delay, to modify or vacate the same.   And if a proper motive actuates the tribunal in allowing the process, a corresponding motive will induce it to modify or vacate the same when the case requires it.

The courts have obviously been unwilling to encourage a too frequent resort to this writ, doubtless in order to avoid any abuse of the process, and hence have established certain rules applicable thereto, which are firmly and rigidly adhered to.   One of which is, that this process shall not be resorted to where there exists another adequate remedy (*Ex-parte Beaudlacht*, 2 *Hill*, 367).   Judge Cowen remarks : " The writ of prohibition, like *mandamus, quo warranto*, or *certiorari*, ought not to issue where there are other remedies perfectly adequate.   We have a discretion to grant or deny the writ, and it would, I apprehend in general, be a very good reason for denying it, that the party has a complete remedy in some other and more ordinary form." (*The People ex rel. N. Y. S. Co.* agt. *The Court of Common Pleas of New York*, 43 *Barb.*, 278 ; *The People ex rel. Brownson* agt. *The Marine*

*Court of the City of New York*, 36 *Barb.*, 341 ; *The People ex rel. Smith* agt. *Rumell*, 29 *How.*, 176).

We will proceed to determine whether the relators have any other remedy which is adequate, and which they should pursue. The statute, as amended, under which the proceedings in question are entertained by the county judge, provides as follows : "Review of proceedings under the acts hereby amended, shall be by *certiorari*, and no writ of *certiorari* shall be allowed unless said writ shall be allowed within sixty days after the last publication of notice of the judge's final determination, as provided in section 2 of this act, and when such judgment is so entered prior to the passage of this act, unless said writ is allowed within sixty days after the passage of this act. On the return of the *certiorari*, the court out of which the same issued, shall proceed to consider the matters brought up thereby, and shall review all questions of law and of fact determined for or against either party by the county judge. And the said courts, or court of appeals, in appeals now pending and in all future proceedings, may reverse, affirm, or modify, in all questions of law or fact, his final determination, or may remand the whole matter back to said county judge, to be again heard and determined on by him. And it may, by order, direct that he proceed therein *de novo*, in the same manner and with the same effect as if he had taken no action thereon ; or, it may by such order specify how and in what particulars he shall hear and determine the same, on such remanding the same. Applications for *certiorari* shall be on notice."

It is apparent, that the legislature intended to provide a complete mode of reviewing such proceedings, both in regard to the law and the facts. The party aggrieved is entitled, by said statute, to a review as well in the court of appeals as in the supreme court, of the questions of fact and of law. So we perceive, that the remedy is adequate to redress any wrong or correct any error which may occur in the proceedings. The affidavits read upon this motion disclose the fact, that

forty-five or fifty witnesses have already been examined before
the county judge on behalf of the petitioners, and upon the ·
argument of this motion, it was stated by one of the counsel,
that the evidence on· the part of the petitioners is nearly
concluded, leaving substantially only such evidence as their
opponents desire to produce. It further appears, that the
official term of said judge expires on the 31st instant, and
another person is elected to succeed him in said office ; and
it is insisted, that serious embarrassment will be occasioned
by a suspension of the proceedings until the conclusion of
the term of office of said judge, as it is at least possible, that
all the evidence will be required to be retaken before another
officer. These are considerations proper to be entertained, so
far at least as they bear upon the exercise of discretion in
determining whether the writ should pe continued. To
jusify a departure from an ordinary and complete remedy,
and the adoption of one which may be regarded somewhat
extraordinary, there should exist a reason therefor beyond the
mere fact, that it is possible, or even probable, that the
ordinary remedy may be more expensive. A proper degree
of respect for a tribunal, whose proceedings are sought to
be arrested, should always induce reasonable caution in ex-
ercising the authority invoked in this matter.

We have been referred by counsel to the case " *In the
Matter of the Application of Thomas Procet* agt. JOHN C.
HULBURT, *County Judge, &c.*, (51 *Barb.*, 313,") as an authority
in favor of granting and continuing said writ. There is a
marked distinction between the facts of that case and the one
under consideration. In the case cited the proceedings were
entertained by the judge under a special statute containing
none of the provisions in regard to the mode of review,
prescribed by the statute in question. Again, in the case
cited, the court held the statute, under which these proceed-
ings were entertained, unconstitutional and void. In this case
the relators allege irregularities in the proceedings under a
statute which is not assailed on the ground that it is uncon-

stitutional and void. In the case referred to, Judge JAMES, in his opinion, remarks: "A writ of prohibition does not issue of course, it is always in the discretion of the court, and should not issue when the party has a complete and adequate remedy at law." After a careful examination of the statute in question, and consideration of the facts developed upon this motion, I am convinced, that the rights of all parties will be more likely to be protected, and their interests promoted, by allowing the proceedings to continue before the county judge, and then reviewed in the manner prescribed by the statute under which he acts. Such a course will be more harmonious, much less complicated, and better accord with the rule of law to which we have referred. Having disposed of this motion upon the question above considered, it is neither necessary or profitable, to discuss the other questions argued, as they will arise upon a review of the proceedings of the county judge, before another tribunal. An order must be entered vacating and setting aside the writ of prohibition and all the proceedings under the same, and allowing the proceedings before the county judge to proceed. Ten dollars costs of this motion is allowed.