## SUPREME COURT.

The People *ex rel.* Francis Higgins, as receiver, &c., agt. David McAdam, justice, &c., *et al.*

*Summary proceeding — when to be enjoined by writ of prohibition.*

Where F. commenced summary proceedings, under the statute, to dis possess H. from certain premises to which F. claimed title under an execution sale upon a judgment against the owner of the tenement and of the ground lease ; upon the return of the summons the tenant's counsel objected that the proceedings in such a case could only be maintained against the execution debtor. Judge McAdam overruled this objection and adjourned the proceeding for trial. Higgins, the receiver of the judgment debtor's estate, against whom the various proceedings were allowed to be continued by order of the court that appointed him, applied for a writ of prohibition:

*Held,* that the admitted facts took the litigation without the operation of the statute and, consequently, without the jurisdiction of the court and a writ of prohibition was the proper remedy.

*Special Term, March,* 1880.

On the 29th of January, 1880, James A. Flack commenced summary proceedings, under the statute, to dispossess Virginia Herring from the premises No. 305 West Twenty-second

street, in the city of New York. The applicant, Mr. Flack, claimed title to the premises under an execution sale upon a judgment against the owner of the tenement and of the ground lease.

Upon the return of the summons the tenant's counsel objected that the proceedings in such a case could only be maintained against the execution debtor.

Judge McAdam overruled this objection and adjourned the proceeding for trial. In the meantime Mr. Higgins, the receiver of the judgment debtor's estate, against whom the various proceedings were allowed to be continued by order of the court that appointed him, applied for a writ of prohibition.

These facts were returned, the return was demurred to and the matter argued.

*Butler, Stillman & Hubbard* and *Samuel Jones*, for relator.

*Wm. A. Coursen, H. W. Bookstaver* and *A. McIntire*, for landlord and respondent.

BEACH, *J.* — Whether or not the relator has taken the proper remedy by this proceeding is the principal question presented for consideration. It is one of much difficulty arising from the indistinct boundary line between the unwarranted assumption of jurisdiction by an inferior tribunal and the decision of those matters involved in the proceedings over which the tribunal, confessedly, has jurisdiction. The former falls within the province of the writ of prohibition ; the latter, if erroneous, is to be corrected on appeal.

It is, in my opinion, this distinction which is established by numerous adjudications (3*d Black. Com.*, 112; *Appo* agt. *The People*, 20 *N. Y. R.*, 531 ; *Thompson* agt. *Tracy*, 60 *N. Y. R.*, 31 ; *The People ex rel. Wheeler* agt. *Cooper, Mayor, &c.*, 57 *How.*, 416.)

In *The People* agt. *Russell* (49 *Barb.*, 351) the learned justice who made the decision entertained the opinion that

jurisdiction was "settled by the nature of the proceeding." I am forced, with great respect, to differ from that statement. If correct it would be difficult to imagine any case where an inferior court having general jurisdiction of the subject under certain conditions would become amenable to the writ, although the admitted facts in the case should show it not to be within those conditions. The answer would always be conclusive, in such view, that the remedy was by appeal. The learned judge writing the opinion in *Appo* agt. *The People* (*supra*) says: "The necessity for the writ is the same where, in a matter of which the tribunal has jurisdiction, it goes beyond its legitimate powers."

The distinction is again apparent in *Thompson* agt. *Tracy* (*supra*). The learned judge speaking of the province of the writ says: "It cannot be made a drag net, by means of which all controverted and litigated questions between individual suitors may be brought into court and tried and determined." This language surely does not include a case where the conceded facts would show a want of jurisdiction. In summary proceedings the allegation of payment is a defense to the landlord's claim, and no one could suppose that, upon the concession of the fact, this court would issue the writ, for the disposition of that question is one of the needful attributes of the tribunal authorized to try the issue between the landlord and tenant. This, to my mind, is far different where the admitted facts take the litigation without the operation of the statute and, consequently, without the jurisdiction of the court.

In my opinion the case at bar belongs to the latter description.

The demurrer to the return is sustained and the writ made absolute.