People ex rel. Howard v. Boswick.

# New York Supreme Court.

*Special Term—June*, 1885.

## THE PEOPLE *ex rel.* HOWARD *against* BOSWICK AND THIRD DISTRICT COURT.

If a justice has jurisdiction of summary proceedings he cannot be prohibited from adjudging upon the questions involved, and it cannot be presumed that he will announce an erroneous judgment. The question of prohibition, considered.

LAWRENCE, J.—In *Exp.* Brandlacht (2 *Hill*, 367) the supreme court of this State held that the court has a discretion to grant or deny a writ of prohibition. To the same effect is the case of the People *ex rel.* New York Consolidated Stage Co. *v.* Court of Common Pleas (43 *Barb.* 278). The object of the writ is to prevent the exercise by a tribunal possessing judicial powers of jurisdiction of matters not within its cognizance, or to prevent it from exceeding its jurisdiction in matters within its cognizance. It does not lie to restrain a minsterial act, nor can it take the place of a writ of error or other proceeding to review judicial action, or of a suit in equity to prevent or redress fraud (Thomson *v.* Tracy, 60 *N. Y.* 31 ; see also Appo *v.* People, 20 *Id.* 531; People *v.* McAdam, 84 *Id.* 287). And the writ will be refused where the general scope or purpose of the action is within the jurisdiction of the inferior court ; an overstepping of its authority in a portion of its judgment, or any other error in its proceedings, being a ground of appeal or review, but not of prohibition (See opinion of CLERKE, J., in People *ex rel.* New York Consolidated Stage Co *v.* Court of Common Pleae, 43 *Barb.* 281). And in People *ex rel.* Bean *v.* Rus-

sell (49 *Barb.* 351), LEONARD, J., held that the fact that a tenant has a good defense to the proceedings will not entitle him to restrain a magistrate from entertaining them. He also held that if the judge has jurisdiction of that class of proceedings, he cannot be prohibited from adjudging upon the question of the termination or expiration of the term, and that it cannot be assumed that he will pronounce an erroneous judgment, but that, on the contrary, the presumption of law is that he will decide correctly; that the tenant must await his decision, and that, if it be erroneous, he has his remedy by certiorari or by an action for damages.

If we apply the principles laid down in these cases to the case at bar, I am of the opinion that the court should not, in the exercise of its discretion, grant a writ of prohibition absolute, but should quash the alternative writ heretofore issued. No decision has yet been rendered by the justice of the district court, and if the law is as contended for by the relator's counsel, I must assume that the justice will so declare it. In the exercise of a discretionary power, the court should bear in mind the equitable rights of the parties. In this case, on the papers and proofs submitted to me, I find no equities on the part of the relator. Confessedly, his term has expired, and he stands upon the strictly technical point that between him and one to whom his landlord has let the whole building known as the Newton Flats, the conventional relation of landlord and tenant does not exist. Why he assumes to hold over does not appear. He therefore does not seem to me to have made out a case which renders it obligatory upon the court to exercise its discretionary power in his favor. The writ asked for is one of the gravest known to the law, and it should be withheld, even where, within the strict letter of the law, the court might issue it, if its issuance would appear upon the whole case not to be conducive to justice and right.

I am strengthened in these views by the consideration

that if the relator has any rights they can be protected by an appeal. In such cases it has always been held that the writ ought not to issue (People v. Marine Court, 36 Barb. 341 ; People v. Brandlacht, 2 Hill, 367 ; People v. Clute, 42 How. Pr. 157). Under section 2260 of the Code of Civil Procedure the relator is entitled to appeal from any final order made by the justice, and while, under the exception contained in section 2262 as to the City of New York, the relator cannot obtain a stay pending the appeal, by the provisions of section 2263, if the final order is reversed upon appeal, the relator will be entitled to restitution of the premises. If it should be said that this is not an adequate remedy, the conclusive answer seems to be that it is the remedy which to the Legislature seemed adequate and appropriate.

For these reasons, I shall, in the exercise of my discretion, refuse to grant a writ absolute, and shall quash the the alternative writ, with costs.