HOWARD'S PRACTICE REPORTS. 381

People *ex rel.* Evans agt. Letson *et al.*

signify a willingness to abandon and release their lien, and to resort to plaintiff's personal liability for such services within a reasonable time; but in case the plaintiff does not pay or secure to pay, and the attorneys do not signify an election to abandon their lien and to resort to plaintiff's personal liability for their services, it should be ordered that plaintiff's attorneys be allowed to prosecute said appeal at their own expense, and upon furnishing the plaintiff with security, to be approved by a judge of this court, against the payment of any costs of the appeal that may be awarded to the defendants, or any liability therefor.

# SUPREME COURT.

THE PEOPLE *ex rel.* BENJAMIN EVANS agt. MARY LETSON *et al.*

*Landlord and tenant — Summary proceedings — Code of Civil Procedure, section 2100–2265 — Writ of prohibition — Where justice has jurisdiction, writ will not lie.*

Where a petition in summary proceedings presents such a case as the officer can consider, a writ of prohibition will not lie.

Where L. presented a petition to a justice of the peace, praying for the removal of a tenant from certain premises under the provisions of the Code of Civil Procedure, concerning summary proceedings to recover possession of real estate, and the justice issued a warrant which was served upon the tenant, and on the return day he appeared and filed an answer denying each and every *material* allegation, and also set up new matter, going to the question of title; the petitioner demurred to the answer that it contained no defense, which demurrer was sustained, and a final order granted awarding possession to petitioner, and directing the issuing of a warrant, which was issued and delivered to the sheriff:

*Held,* that a writ of prohibition would not lie:

*Held,* further, that the question in the case really is, whether the justice erred in sustaining the demurrer of the petitioner to the answer of the relator. That question cannot be determined by writ of prohibition. It can be by appeal, and, in a proper case, there is a remedy by injunction.

*Oneida Special Term, March,* 1886.

HEARING upon an alternative writ of prohibition.

*J. A. Steele & J. J. Duddleston,* for relator.

· *H. F. & J. Coupe,* for defendants.

MERWIN, *J.*— It appears from the papers on which this alter·
native writ was granted, that Mary Letson, on the 1st of March,
1886, presented a petition to the defendant, Sherman, a justice
of the peace of the town of Schuyler, praying for the removal
of the relator from certain premises in that town, under the pro-
visions of the Code, concerning summary proceedings to recover
the possession of real estate. The justice issued a precept which
was served on the relator on the 9th of March, and was returna-
ble on the 13th of March. On the return day the relator ap-
peared and filed an answer, by which he "denies each and
every *material* allegation in said petition contained," and also·
sets up new matter going to the question of title. Thereupon
the petitioner, Letson, orally demurred to the answer that it
contained no defense, which demurrer was sustained, and a final
order granted determining that the relator held over after the
expiration of his term, and awarding possession to the petitioner
and directing the issuing of a warrant. A warrant was accord-
ingly issued and delivered to a constable, who is made a defend-
ant herein, and afterwards delivered to the sheriff, who is also
made a party defendant herein.

The position of the relator is, in substance, that the justice
in granting the final order, without trying the issue made by
the general denial, exceeded his jurisdiction, and that, therefore,.
it is a proper case for a writ of prohibition.

The justice having granted his final order before the applica--
tion for the writ, and issued the warrant, the proceeding now is,.
in effect, an application to stay the execution of the warrant.
It has been held that a writ of prohibition does not lie to a min-
isterial officer, to stay the execution of process in his hands
(*People* agt. *Supervisors of Queens,* 1 *Hill,* 200 ; *Ex parte Brand-
lacht,* 2 *id.,* 367), and that this rule is not affected by the pro--

visions of section 2100 of Code. That the tribunal proceeded against may be directed to cancel or vacate proceedings theretofore taken in the matter (*People* agt. *Commissioners of Excise*, 61 *How.*, 514). In *United States* agt. *Hoffman* (4 *Wall.*, 158), it is laid down that the writ of prohibition can only be used to prevent the doing of some act which is about to be done, and can never be used as a remedy for acts already completed.

It looks at least doubtful whether the relator can invoke this remedy at the present stage of the summary proceedings. But there is another question to be considered, and that is whether under section 2265 the relator is not precluded from this remedy. No fault is found with the petition presented to the justice. The latter had apparently full jurisdiction of the parties and the subject-matter. Did he lose it by his error, if it was one, in sustaining the demurrer of the petitioner to the answer of the relator?

In *People ex rel. Brown* agt. *McAdam* (2 *Civ. Pro. Rep.*, 52), it is said that when a petition in summary proceedings presents such a case as the officer can consider, a writ of prohibition will not lie. To the same effect are *People* agt. *Parker* (1 *Civ. Pro.*, 444), and *People* agt. *Steenburg* (9 *Alb. Law J.*, 411). In *People* agt. *Russall* (49 *Barb.*, 351), it was held that the fact that the tenant has a good defense to the proceedings will not entitle him to a writ of prohibition to restrain the magistrate from entertaining the proceedings, although it be plain that the magistrate cannot, in conformity to law, decide with the landlord. The magistrate is not thereby deprived of jurisdiction.

Section 2265 provides that when a petition is presented as prescribed in that title, the subsequent proceedings thereupon shall not be stayed or impeded by any court or judge, except in one of two methods, neither of which is by writ of prohibition. That section assumes that a case is presented by the petition that in accordance with the prior provisions of the title will give the magistrate jurisdiction. If it does not, then there may be a remedy in some other way than the two named. But if it does, then the statute is imperative. There being no ques-

tion here about the jurisdiction of the justice on the start, the inhibition of the section applies.

The question in the case really is, whether the justice erred in sustaining the demurrer of the petitioner to the answer of the relator. That question cannot be determined by writ of prohibition (7 *Wend.*, 518). It can be by appeal, and in a proper case (*Knox* agt. *McDonald*, 25 *Hun*, 268) there is a remedy by injunction.

I am, therefore, of the opinion that it is not a case for a writ of prohibition, and that the proceedings must be dismissed, with costs, as upon motion.