Lawrence, J.
I am of the opinion on the papers handed in, that the relators have failed, to make out a case which would warrant me in granting an absolute writ of prohibition.
In The People v. Court of Common Pleas of New York (43 Barb., 278), it was held that : “ Although this court, in the exercise of its supreme superintending power over all other courts of original jurisdiction in the state, will unhesitatingly issue a writ of prohibition where visitorial or any other authority is usurped, it will refuse the writ where the general scope or purpose of the action is within the jurisdiction of the inferior court, an overstepping of its authority in a portion of its judgment, or any other error in its proceedings, being a ground of appeal or review, but not of prohibition.”
And in the case of The People v. Russell (49 Barb., 351), Learned, J., at special term, held “that the fact that a tenant against whom summary proceedings are instituted, has a good defense thereto, will not entitle him to a writ of prohibition to restrain the magistrate from entertaining the proceedings.” The learned justice further held that if the judge has jurisdiction of that class of proceedings he cannot be prohibited from adjudging upon the question of the termination or expiration of the term; that it cannot be assumed that he will pronounce an erroneous judgment; but that the presumption of the law is that he will decide correctly, and that the tenant’s remedy was to await the decision, and review it by certiorari, etc. See, also, People v. Marine Court, etc., 36 Barb., 341; People v. Seward, 7 Wend., 518.
The justice to whom this writ is directed has jurisdiction over summary proceedings to recover the possession of lands, and if I correctly understand the facts of the case, the matters which are relied upon to show that the writ should be awarded are also set up in the answer interposed in the proceedings before the justice. If, therefore, those matters show, when proven, that the case is one in which the justice ought not to proceed because he has no jurisdiction, I must assume, I think, that he will decide in accordance with the law and the fact,'and dismiss the proceedings.
In this case the issues raised by the answer were not tried, and no proof had been offered in their support at the time the writ was served, as appears by the return of the justice.
An absolute writ of prohibition will, therefore, be denied, and the alternative writ heretofore granted will be quashed, with costs.