The People
v.
Seward.

THE PEOPLE, on the relation of David Karr, *vs.* S. S. SEW-ARD, first judge of Orange county courts.

*A writ of prohibition* will not be allowed, where the subject matter is within the jurisdiction of the subordinate tribunal; if error intervenes, the remedy is by *certiorari*.

April 19.          MOTION for prohibition. On the application of Robert Karr a summons was issued by Judge Seward for the relator, David Karr, to shew cause why Robert Karr should not be put in possession of certain premises as *landlord*, on the allegation that the relator was his *tenant*, and held over after the expiration of his term. David Karr denied that he held over as *tenant* of Robert Karr, and a jury was summoned to try the question. On the trial, Robert Karr produced an instrument executed by himself and the relator, whereby Robert Karr, in consideration of $50, and that the relator should relinquish possession, and all right and title to the premises on the 1st of April, 1832, agreed to *rent* the premises in question to the relator for one year from the 1st of April, 1831. The relator proved, that upwards of 20 years before the date of the agreement, he went into possession of the premises by the permission of R. Karr, who told him he might build a house thereon, and reside on the premises as long as he chose so to do; that the agreement produced by R. Karr was entered into in consideration of his making a note to the relator for $200, and that there was no agreement as to any rent to be paid by the relator. On this state of facts, it was insisted on the behalf of the relator, that the conventional relation of landlord and tenant did not exist between the parties, and consequently that the summary proceeding adopted in this case was inapplicable, and that the judge had no jurisdiction. The judge overruled the objection, and submitted the case to the jury, who found that the relator did hold over as tenant of R. Karr.

A *writ of prohibition* was now asked for to restrain the judge from issuing a warrant to put R. Karr into possession.

By the Court, SAVAGE, Ch. J. The motion is denied. The subject matter was within the jurisdiction of the judge, and if he has erred in the decision made by him, the remedy of the party aggrieved is by *certiorari*, and not by *writ of prohibition*.

ALBANY,
April, 1832.

Harrison
v.
Stevens.

---

## HARRISON *vs.* STEVENS.

No excuse for delay in asking for judgment as in case of nonsuit, is necessary, where the notice is given within 10 or 12 days after the close of the circuit at which the cause ought to have been tried.

MOTION for judgment as in case of nonsuit. It was objected that notice was not given until ten days after the circuit, and that the defendant had offered nò *excuse* for the delay ; and in support of the objection the *anonymous* case in 5 Wendell, 82, was relied on, where, notwithstanding the frequent recurrence of the special terms, Mr. Justice MARCY said the court would require an excuse to be shewn, if motions were not made at as early a day as with ordinary diligence they might be presented.

April 19.

*M. T. Reynolds*, for the motion.

*A. Taber*, contra.

By the Court, SAVAGE, Ch. J. Here is ordinary diligence. It is not required that an attorney should immediately on the adjournment of a circuit give notice of motion for judgment as in case of nonsuit, and where notice is given within 10 or 12 days after the close of the circuit, no excuse for delay is necessary.