266 ABBOTTS' PRACTICE REPORTS.

People *on rel.* Brownson *a.* The Marine Court of the City of New York.

## PEOPLE *on rel.* BROWNSON *a.* THE MARINE COURT OF THE CITY OF NEW YORK.

*Supreme Court, First District; At Chambers, Nov.,* 1861. *Again, at General Term, March,* 1862.

WRIT OF PROHIBITION.—RETURN.—JURISDICTION OF THE MARINE COURT.—FRAUD IN ACQUIRING JURISDICTION.

A writ of prohibition issues only to restrain an excess of jurisdiction over subject-matter.

A writ of prohibition should not be issued to restrain an inferior court from proceeding in an action commenced by attachment, where the objection is that the attachment was irregularly issued, and upon insufficient affidavits.

Where a plaintiff severs and releases a portion of his claim in order to bring his cause within the jurisdiction of an inferior court, such severance and reduction should not be deemed a fraud upon the courts of higher jurisdiction so far as to authorize a writ of prohibition.

———

Where three actions were commenced in the Marine Court of the city and county of New York upon three several promissory notes for $600, $650, and $600 respectively, the plaintiff claiming to recover only the amount of $500 in each suit, in which actions the defendant, after objecting to the jurisdiction of the court on several grounds, set up in his answers three several counter-claims arising on contract, one for $80, one for $1,200, and the other for $1,000, which answers were severally verified,—*Held*, that a writ of prohibition could not issue, as the Marine Court had jurisdiction of the subject-matter of the actions.

The limitation of jurisdiction as to matters of account prescribed by the Code (§ 54, subd. 4), if it ever applied to the Marine Court of the city of New York, has been taken away by Laws of 1853, ch. 617, which extends the jurisdiction of that court in certain cases, and regulates proceedings therein.

Where no facts are set forth in the return to an alternative writ of prohibition, an absolute prohibition does not issue of course.

I. *November,* 1861.—Application for an absolute writ of prohibition.

Samuel W. Slocum, one of the respondents, a resident of Brooklyn, in Kings county, began, on the ninth day of September, 1861, by attachment in the Marine Court of the city of New York against the relators, two of whom were also residents

of Brooklyn, three suits on as many promissory notes made by them, and given to and held by him for $600, $650, and $600, respectively. On the return of the attachments, the counsel for the relators, appearing specially for the purpose of objecting to the jurisdiction of the Marine Court, moved in that court to discharge them, on the ground that the affidavits on which they were based did not contain facts enough to give the court jurisdiction. The motion was denied, and the several actions were, by order of the court, set down for trial on the 24th of September.

The relators pleaded to the jurisdiction of the Marine Court in those actions on several grounds, and, without waiving these pleas, set up also in bar in each suit three counter-claims, one of $80, one of $1,200, and the other of $1,000, making together an amount considerably larger than the aggregate claims of the plaintiff in the three suits. The answers were verified as the law requires. Affidavits were filed to establish these counter-claims, on the application at special term for the alternative writs of prohibition. Alternative writs of prohibition were granted by the court on the 23d of September, 1861, and were on the following day served on the Marine Court, and on the plaintiff in those suits. Before the filing of the returns to the writs, they were, by order, amended, so as to include the pleadings and proceedings in the court below. On the original and amended writs, and on the returns thereto, the relators moved, at special term, for absolute writs restraining the Marine Court and the plaintiff in the several suits from further proceedings therein.

The return to the writs, omitting formal parts, was as follows: "That the attachment in this action was duly issued out of this court on the 9th day of September, 1861, returnable on the 12th day of September. That the same was duly returned on said 12th day of September, personally served on the defendant James S. Brownson, with an inventory of the property of the defendants attached by the sheriff thereunder. That on the return-day of said attachment the defendants therein appeared by their counsel, Henry D. Sedgwick, and moved to dismiss the proceedings for want of jurisdiction, on account of the insufficiency of the plaintiff's affidavit, which motion was overruled. That no appeal has been taken from said decision, but, on the motion of the defendants, the trial of the case was adjourned to

the 24th day of September, 1861, and the plaintiff was ordered to serve his complaint, and defendants to answer before that day. That upon the adjourned day the said action was called for trial, at which time the writ of prohibition was served. Whereupon, the trial of the action was adjourned to the 14th of October instant."

*Henry D. Sedgwick*, for the relator.—I. No material facts being set forth in the returns in answer to the alternative writs, an absolute prohibition should issue of course. (Commercial Bank *a.* Canal Commissioners, 10 *Wend.*, 25 ; People *a.* Ransom, 2 *N. Y.*, 490 ; People *a.* Commissioners of Fort Edward, 11 *How. Pr.*, 89 ; People *a.* Collins, 7 *Johns.*, 549 ; People *a.* Seymour, 6 *Cow.*, 579 ; Matter of the Trustees of Williamsburgh, 1 *Barb.*, 4.)

II. The affidavits on which the attachments were issued in the Marine Court were not sufficient to give that court jurisdiction. In denying the motions to discharge the attachments, the Marine Court has insisted on exercising unlawful jurisdiction. As no appeal now lies to this court, as formerly, it can only exercise its rightful authority over the subject-matter, in the form under which that authority is now invoked. (5 *East*, 345 ; *Bac. Abr.*, tit. *Prohibition*, art. *K.*, vol. 8, Penn. ed., 233 ; Home *a.* Earl Camden, 2 *H. Bl.*, 533.)

III. The "debt" in each case, in the Marine Court, exceeding $500, and so appearing on the face of the application for the attachment, and of the complaint in that court, the Marine Court has not jurisdiction, notwithstanding that no demand is made for a judgment exceeding $500. (*Code of* 1849, § 53, subds. 1, 4, § 65 ; *Laws of* 1852, 647, ch. 389, § 9 ; *Laws of* 1853, ch. 617, § 2 ; 3 *Black.*, 153 ; *Burrill's Law Dict.*, "*Debt.*")

IV. The bringing at the same time of several suits on like claims between the same parties, for so large an aggregate amount, in a court of special and very limited jurisdiction, instead of uniting them in one action in a higher court, is in fraud of the jurisdiction of the superior courts, and presents a case in which, by ancient and established practice, the writ should issue. (*Bac. Abr.*, tit. *Prohibition*, art. *K*, 658, vol. 8, Penn. ed., 231 ; *Fitzherbert Natura Brevium*, 46 *A* ; 2 *Rolle*, 281, tit. *Prohibition*, *B*, and cases cited ; Gerling *a.* Alders, 2 *Keble*,

617; S. O., 1 *Vent.*, 73; Savoy Court *a.* Stanford, 24 *C.*, 2, cited 1 *Vent.*, 65; Appo *a.* People, 20 *N. Y.*, 531.) If the principles claimed by the relators are not sanctioned by this court, and these suits are not restrained, there is a palpable evasion of the humane policy of the Legislature, which permits attachments against the property of residents only in specified cases of dishonesty and fraud, as well as of those provisions of the United States and State Constitutions, which declare that "no person shall be deprived of life, liberty, or property, without due process of law." (2 *Rev. Stat.*, 3; 3 *Ib.*, 5 ed., 79; *Code*, § 227, Cons. U. S., Amendts., art. 5; *Cons. N. Y.*, 1846, art. 1, § 5.)

V. Unless the prosecution of these suits, thus brought in evasion of the jurisdiction of the superior courts, is prohibited by this court, the relators, having valid counter-claims to the amount of $2,280 which it is their duty to plead, will be deprived of the benefit of them, because their amount far exceeds the limits of the Marine Court's jurisdiction. (2 *Rev. L.*, 1813, 387, § 125; *Code of* 1849, § 64, subd. 4, 68; Appo *a.* People, 20 *N. Y.*, 531, 540, *et seq.*, 557; *Jac. Law Dict.*, tit., *Prohibition;* Derby *a.* Cozens, 1 *T. R.*, 552, 555, 556; approved by Court of Appeals in Appo *a.* People, case cited above; Leman *a.* Goulty, 3 *T. R.*, 3; *Lit. R.*, 163, cited in *Bac. Abr.*, tit. *Prohibition.*, vol. 8, Penn. ed., 228)

VI. The writ of prohibition was properly applied for upon the joining, and before the trial of the issues. When the several suits were brought, the attempt was already made to evade the jurisdiction of the higher courts. When the issues were joined, it was apparent that the Marine Court could not try them. The answers severally present a legal and complete defence, which upon its face the Marine Court had no jurisdiction to examine. By assenting to the prosecution of the several suits, and to the submission of these issues to the jurisdiction of that court, the relators might have waived their clear right to have the issues tried by the proper tribunal. (Mendyke *a.* Stint, 2 *Mod.*, 272, case 157; French *a.* Trask, 10 *East*, 34; Derby *a.* Cozzens, 1 *T. R.*, 562; Byerley *a.* Windus, 5 *B. & C.*, 21.)

*Livingston K. Miller*, for the respondents.—I. There is no limit now imposed by the statute as to the amount for which

the Marine Court may entertain a suit. The only limit is as to the recovery. (*Laws of* 1853, 1165, § 2.)

II. The defendant is not bound to plead his set-off, if it exceeds the plaintiff's claim by $50, but may bring suit therefor in any other court. (*Act of* 1813, § 125; *Davies' Laws of N. Y.*, 508.)

III. The Supreme Court cannot presume in favor of defendants' alleged counter-claim, and by prohibition prevent the Marine Court from exercising jurisdiction; otherwise, sham counter-claims would destroy the jurisdiction of the inferior court in any case.

IV. As to the relator's points: 1. That it does not appear from the affidavit that a warrant could not issue. (*Laws of* 1831, 396, § 33.) In the case in hand, it appears affirmatively that the debt on which this action was founded was on contract for money lent to the defendants in their firm capacity; therefore no warrant could issue. 2. That the affidavit is defective in not stating that the plaintiff's claim is " over and above all discounts." (*Laws of* 1831, 396, § 35.) It is so stated in the affidavit. 3. That the claim is split up in three suits. It is on three notes. Plaintiff had a right to bring three suits. The only risk he runs is, that he may, under the statute, only be allowed costs in one, and the disbursements of the other two.

SUTHERLAND, J.—The general principle is, that courts in rendering judgments must have jurisdiction not only of the subject-matter, but also of the person; but I understand that a writ of prohibition issues only on the ground that the inferior court or tribunal is taking cognizance, or is about to proceed to take cognizance of matters not within its jurisdiction. (*Bac. Abr.*, tit. *Prohibition*, *K.*)

In this case it appears that the three suits in the Marine Court against the relators were severally commenced by attachment. The attachments were processes to obtain the appearance of the relators as defendants in those suits. They claim that the attachments were irregularly issued; that the affidavits on which they were based were insufficient, and did not give the Marine Court jurisdiction; but this question of jurisdiction relates to the person only, and need not and can-

not, I think, be properly determined on this application for a writ of prohibition. Besides, the relators, on the return of the attachments, appeared, and moved to discharge them, on the ground that the affidavits on which they were.issued were insufficient; which motion was denied. If the Marine Court decided erroneously on this point, the remedy is by appeal, or perhaps by action, when any judgments which may be obtained shall be enforced, or attempted to be enforced.

The remaining question, then, is, whether the Marine Court has jurisdiction of the subject-matters of the three actions.

The three actions are on three several promissory notes for $600, $650, and $600, respectively; the respondent Slocum, the plaintiff in those suits, claiming to recover only the amount of $500 in each suit, on one of the notes.

The relators in their answer, in each suit, after pleading to the jurisdiction on several grounds, set up three several counter-claims arising on contract; one for $80, one for $1,200, and the other for $1,000.

The answers are severally verified.

The question is, whether the Marine Court has now jurisdiction of the subject-matter of these actions, and can proceed in them to hear the proofs of the parties.

In my opinion it has such jurisdiction, and can proceed to hear the proofs of the parties.

By the Code, in an action arising on contract for the recovery of money only, the Marine Court had jurisdiction when the amount claimed did not exceed one hundred dollars; but it had no jurisdiction of a matter of account "where the sum total of the accounts of both parties proved to the satisfaction of the justice shall exceed four hundred dollars." (*Code,* §§ 53, 54, subd. 4, 65.)

By the act of April 17, 1852, § 9, the jurisdiction of the Marine Court was extended in these words: "In all cases in which the jurisdiction of said Marine Court is now limited, so that there can be no recovery therein for a larger amount than $100, the jurisdiction is hereby extended, so that in such actions the recovery of either party may hereafter be to the amount of $250, with costs," &c.

By the act of July 21, 1853, § 2, the jurisdiction of the Marine Court is further extended, in these words: "In cases

where the jurisdiction of said court is now limited, so that there can be no recovery therein for a larger amount than two hundred and fifty dollars, the jurisdiction is hereby extended, so that in such cases the recovery of either party may hereafter be to the amount of $500, notwithstanding that the accounts of both parties may exceed $400."

It will be seen that the limitation of the jurisdiction by the provisions of the acts of 1852 and 1853 quoted, is as to the amount of the recovery of either party.

By the act of 1853, the Marine Court has jurisdiction, "notwithstanding that the accounts of both parties may exceed $400." The excess is not qualified or limited.

It would appear that the limitation of jurisdiction as to matters of account by the Code, § 54, subd. 4, which limitation depended on the "sum total of the accounts of both parties proved to the satisfaction of the justice," if it applied to the Marine Court, has been wholly taken away by the act of 1853; and yet by the express words of the act the Marine Court cannot render a judgment for either party for over $500.

Where there are claims and counter-claims arising on contract, I think the question of jurisdiction must be determined by the admissions or proofs, and not by the mere statement of the claims on the pleadings, although verified.

If the respondent Slocum proves his claim, and the relators prove their whole counter-claim, or to an amount exceeding one thousand dollars in any one of the three suits, the court can give them judgment for $500 only; and as they cannot be compelled to split up any one of their claims arising on one contract, or to release any part of it, in my opinion the result is, that the Marine Court should on such proof, and upon the relators declining to take judgment for $500 only, dismiss the suit. But in case the Marine Court should refuse to do so, either upon the ground that the proof was not satisfactory, or upon any other ground, I do not mean now to express an opinion on the question, whether the relators' remedy would be by writ of prohibition or by appeal, or by an equitable action to stay Slocum's judgments in the Marine Court, until they could recover judgment for their counter-claims in a court of sufficient jurisdiction.

In any view of the question of jurisdiction, the relators are premature in their application for a writ of prohibition.

In this court the respondent Slocum could have included his claims on the three several notes in one action, and if he had brought three actions,—one on each note,—he would have done so subject to the power of the court to consolidate them into one action.

There are some old common-law cases which would go to show that the respondent Slocum had no right to reduce his claim on the relators' three notes severally, for the purpose of giving the Marine Court jurisdiction; that his doing so should be considered a fraud on this court, and that upon that ground a prohibition should be granted.

There are also old common-law cases which go to show that the bringing of the three several actions, on the three several notes, in the Marine Court at the same time, should be considered as intended to defraud this court of its jurisdiction. (*Bac. Abr.*, tit. *Prohibition*, *K*, and cases there cited.) But I doubt the applicability of this principle of fraud to the question of jurisdiction in this case at this day, or to the system of courts here, where we have several courts of superior concurrent jurisdiction. Certainly this court has no cause to complain of being defrauded of its jurisdiction, and I do not see how the relators can complain of being acquitted of the payment of $100 of each note.

The cases cited by the counsel for the relators, to show that no facts being set forth in the returns of the Marine Court in answer to the alternative writs, an absolute prohibition must issue of course, assume that the facts upon which the alternative writ issues, unanswered, are sufficient to authorize the absolute writ.

Upon the whole, I think the application for the absolute writs should be denied, but without costs.

---

II. *March*, 1862.—From this decision the relator appealed to the general term.

By the Court.—Ingraham, P. J.—We see no good reason for granting the writ of prohibition asked for on these motions.

The writ does not issue to correct irregularities or errors in administering justice by inferior courts, but to prevent courts from going beyond their jurisdiction in the exercise of judicial power in matters over which they have no cognizance (2 *Hill,* 367; 7 *Wend.,* 518), but it ought not to issue where the party has a complete remedy in some other and more ordinary form. (2 *Hill,* 367.)

In the present case, the first ground upon which the writ is asked is, that the affidavits on which the proceedings complained of were founded, did not show certain matters which the relators think necessary to have justified the issuing of the attachments. This is so clearly a matter of practice in the court, to be remedied first by a motion to the court, secondly by an appeal to the general term, and next to the Common Pleas, that it seems only necessary to mention it, to show that the error is not to be corrected by a writ of prohibition.

Another ground on which the relator asks for the writ is, that the debt for which the plaintiff was entitled to sue was larger than the jurisdiction of the Marine Court permitted to be recovered in that court.

To obviate this difficulty, the plaintiff remitted all over $500, and only sought to recover the latter sum. We think the defendant, who is relator here, has no cause to complain because the plaintiff sees fit to reduce the amount of his indebtedness by relinquishing to the debtor a part of his debt. It does not affect the jurisdictional question. The person and the subject-matter were both within the jurisdiction of the court, and there is nothing to show that the court attempted to exceed its powers in rendering judgment for a greater amount than the statute allowed. Nor do we consider it any act in fraud of the jurisdiction of the higher courts, calling for this particular remedy.

At the present day there is no necessity for such proceedings to preserve the jurisdiction of the courts—certainly none for applying such a remedy simply because the creditor gives to his debtor one-fifth of his indebtedness. The objection as to counter-claims is also expressly provided for in the act relating to the Marine Court.

None of these grounds show any attempt on the part of the court to exceed its jurisdiction, or to exercise any authority

not conferred upon it by law. There is therefore no reason for issuing this writ, and the order at special term denying this application should be affirmed.

LEONARD, J., concurred.

Order affirmed, with costs.