People *ex rel.* Smith agt. Russell.

---

## SUPREME COURT.

THE PEOPLE *ex rel.* THEODORE SMITH and others agt. A. D. RUSSELL, City Judge of the city of New York.

The *city judge* of the city of New York, has power and jurisdiction of *summary proceedings* to dispossess a tenant from premises in the city of New York. Such proceedings are strictly *judicial.*

It is not within the office of the *writ of prohibition* to correct irregularities in judicial proceedings where there is no want of jurisdiction. They must be corrected on review of those proceedings by appeal or certiorari. And the writ of prohibition should not issue where there is another and easier remedy.

A *writ of prohibition* allowed by a justice out of court, even if returnable at a general term, may be quashed at a *special term* on motion. The general term have not exclusive jurisdiction of such a motion.

*New York Special Term, June,* 1865.

MOTION on behalf of defendant to set aside and vacate a writ of prohibition.

People *ex rel.* Smith agt. Russell.

DAVID R. GARNISS, *for motion.*
G. L. WALKER, *opposed.*

INGRAHAM, P. J.   Summary proceedings were commenced before the city judge to remove from certain premises in this city the tenant, or those claiming to hold the premises; an answer was put in by the relator and others, and the case was adjourned by the city judge to the 30th May, for trial.   Before that day an application was made to one of the justices of this court for a writ of prohibition, which was granted, restraining Judge RUSSELL from entertaining the said proceedings.   A motion is now made to vacate and set aside the writ.

The only ground on which a writ of prohibition issues, is to prevent a court or magistrate from going beyond its jurisdiction in the exercise of judicial power (7 *Wend.* 518), and it ought not to issue where the party has a remedy in some other form.   (2 *Hill*, 367 ; *People* agt. *Brownson*, 14 *Abb.* 270.)   The only inquiry, therefore, in this motion is, whether the city judge has jurisdiction of summary proceedings to dispossess a tenant from premises in the city of New York.   The power of the city judge in matters other than the jurisdiction of the sessions, was in part examined in *Matter of Nash* (25 *How. R. p.* 307).   In that case the authority of that officer to issue the writ of *habeas corpus* was under discussion, and the general term of this district held that the city judge had no authority to allow the writ.   Relying upon that decision, the relator now claims that the city judge has no authority to entertain summary proceedings to dispossess tenants, and, therefore, that this writ of prohibition should be continued.   The decision of the general term in that case, of course controls me to the extent it goes, whatever may be my individual views of the question, and I shall therefore only consider whether that decision is applicable to the proceedings which were stayed by the writ issued in this case.

The act of 1850, creating the office of city judge, confers upon him all judicial powers vested by law in the recorder of the city of New York, and empowers him, concurrently with the recorder, to perform and discharge all judicial duties imposed on the recorder. The statute in regard to summary proceedings (2 *R. S. p.* 513, *m*), confers on the recorder express authority to hear and decide in such proceedings, and I am at a loss to see upon what grounds it can be said that hearing and deciding upon such cases is not a judicial duty. The judge must hear the allegations and proofs, and if required, must summon a jury and try the matters in difference, and if the verdict is rendered for the landlord, he is to issue a warrant accordingly. The issuing of the summons, or the issuing of the warrant, are not by themselves judicial acts, any more than allowing a writ of *habeas corpus*, but they are incidents necessary to enable the judge to discharge the judicial duty imposed. He could never be required to decide between the parties, if he could not summon them before him. The true question is not whether issuing the summons is a judicial act, but whether the whole proceeding is a judicial proceeding, involving the discharge of judicial duties. Of this there can be no doubt. The act of deciding between the parties is purely judicial, and all the other proceedings of summons before and of warrant afterwards, are mere incidents for the purpose of enabling him to discharge that duty. It appears to me so plain as hardly to admit of any argument to sustain it.

In the *Matter of Nash*, before referred to, the decision appears to have been based upon the opinion expressed by Chief Justice KENT in *Yates* agt. *Lansing* (5 *J. R.* 282), that the allowance of a writ of *habeas corpus* in vacation was not a judicial but a ministerial act, because it was the duty of the magistrate in all cases, to allow the writ. The penalty sought to be recovered in that action, the chief justice says, was imposed upon individuals acting ministe-

People *ex rel.* Smith agt. Russell.

rially or extra-judicially out of court. But that case can hardly be said to be an authority for the doctrine that a judge, in proceedings upon *habeas corpus*, does not act judicially, even when such proceedings are before him, while he is not holding a court.

While I yield to that decision of the general term of this district in regard to the writ of *habeas corpus*, I see no reason for applying the rule adopted there to summary proceedings for lands. I think the duty exercised in regard to them is purely judicial, and may rightfully be exercised by the city judge. The objection, therefore, to his want of jurisdiction is unavailing. Something was said on the argument that the relator was not tenant of the persons claiming to be landlords, and, therefore, the proceedings could not be maintained. That is a matter of defence upon the trial. It is not within the office of the writ of prohibition to correct irregularities in judicial proceedings where there is no want of jurisdiction. They must be corrected on review of those proceedings by appeal or *certiorari*. This was so held by the general term of this district in *People ex rel. Brownson* agt. *The Marine Court* (14 *Abb.* 270), and the writ of prohibition should not issue where there is another and an easier remedy. Certainly the writ should not issue before the error has been committed, on the mere supposition that the judge would decide erroneously on the question whether the party was a tenant or not.

An objection was taken on the hearing of this motion, that it should have been made at the general term. This is not so. The writ was allowed by the justice out of court, and even if returnable at a general term, may be quashed at a special term on motion. This was so held in a late case at the last term. Besides the writ in this case is not returnable at a general term. It requires the party to show cause at the next term of the court, before *one* of the justices, on the third Monday of September next.

This would be at a special term. I think there is no ground on which this writ can be sustained.

The motion to set aside and vacate the writ must be granted.