218 PEOPLE ex rel. JAMES v. SURROGATE'S COURT.

SECOND DEPARTMENT, MAY TERM, 1885.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD D. JAMES, Appellant, v. THE SURROGATE'S COURT OF PUTNAM COUNTY and JULIA L. JAMES, Respondents.

*Writ of prohibition — a Surrogate's Court will not be restrained from determining the facts upon which its jurisdiction depends.*

Where a petition for the probate of a will alleges that the testator was, at the time of his death, a resident of the county, to the Surrogate's Court of which the application is made, a contestant cannot by denying the jurisdiction of the surrogate, upon the ground that the testator did not reside in the said county, procure a writ of prohibition restraining the further prosecution of the proceeding in that court.

APPEAL from an order made at a Special Term, denying a motion for an absolute writ of prohibition to be issued to the Surrogate's Court of Putnam county, prohibiting it from taking further proceedings in relation to the probate of a will, and dismissing the alternative writ heretofore issued.

*E. H. Benn*, for the appellant

*Haliburton Fales*, for the respondents.

DYKMAN, J. :

The common law provided the writ of qrohibition as a remedy for the encroachment and unsurpation of jurisdiction by inferior courts, and its legitimate office has ever been to restrain and prohibit such courts from proceeding beyond their proper limits in the exercise of judicial functions. It is an extraordinary remedy, and the writ is only allowed in extreme cases in the sound judicial discretion of the courts. (*People ex rel. Adams* v. *Westbrook*, 89 N. Y., 155.) It will not be allowed where the inferior court has jurisdiction of the subject matter. In the language of Chief Baron COMYN: "Where it has conusance of the principal, it shall determine that which is incident." (Comyn's Dig. Tit. Prohibition.) If in such a case error intervenes, the remedy is by appeal. (*People* v. *Seward*, 7 Wend., 518.)

Although the jurisdiction of the surrogate is limited, his power to take proof of wills and admit them to probate is undeniable, and

PEOPLE ex rel. JAMES v. SURROGATE'S COURT. 219

SECOND DEPARTMENT, MAY TERM, 1885.

he is vested with full power over that subject. He has power to act, and if he proceed erroneously, his action may be reviewed by appeal, but may not be arrested. He may commit an error as to inhabitancy which would be sufficient to reverse his decision, but not sufficient to render it void from the beginning, for the reason that he had power to act upon the subject. (*Roderigas* v. *East River Savings Institution*, 76 N. Y., 321.) These familiar principles, applied to this case, remove all difficulties in its disposition.

These are the facts: Mrs. Julia L. James presented a petition to the surrogate of Putnam county for the proof of the last will and testament of her husband, Frederick P. James, which contained an allegation that he was a resident of Putnam county at the time of his death. This is assumed in the paper before us, although a copy of the petition is not given. This relator appeared before the surrogate on the return day of the citation and objected to the proof of the will, on the ground that the decedent, at the time of his death, was a resident of the city and county of New York, and claimed that the surrogate of Putnam county had no jurisdiction in the premises, and proposed to prove the facts if they were disputed. Thereupon proof was introduced respecting the residence of the deceased, and after the testimony was closed on that subject, and the counsel had summed up on both sides, and before the surrogate rendered any decision on the subject, an alternative writ of prohibition was served on the surrogate, commanding him to desist and refrain from taking proof of the will of the deceased until further direction of the court.

The motion to make the prohibition absolute was afterwards argued and denied, and from that order we have this appeal. Each surrogate must hold within his county a court which has, in addition to other powers conferred by law, jurisdiction to take proof of wills and admit them to probate where the decedent was at the time of his death a resident of that county, whether his death happened there or elsewhere. Mr. James, the decedent in this case, died at his own house, in the city of New York, where he had been living for several months previous to his death. (Code of Civil Pro., § 2472, subd. 1, and § 2476, subd. 1.)

It is to be noticed here that the word resident is substituted for the word inhabitant, in the former statute. (2 R. S., 73, § 23.)

220   PEOPLE ex rel. JAMES v. SURROGATE'S COURT.

SECOND DEPARTMENT, MAY TERM, 1885.

When the petition for the proof of the will of Mr. James, containing an averment of his death, and that he was at the time of his decease a resident of Putnam county, was presented to the surrogate of that county, he was in possession of the case and had jurisdiction to proceed therein, and when the objection was made that the decedent was not at the time of his death a resident of Putnam county, that raised an issue against the petition which it became necessary to determine. But how was the fact to be ascertained, not by an abandonment of the case certainly, but by proceeding to hear the proof and decide the question, which the surrogate was bound to do. It was a special fact on which depended the right of the surrogate to act in this particular case, which it was his duty to ascertain, and then, if his decision was erroneous, it could be corrected on appeal, but could not be assailed by any collateral proceeding. (*Bumstead* v. *Read*, 31 Barb., 661; *Sheldon* v. *Wright*, 1 Selden, 511.)

Preliminary proof of all the facts on which the jurisdiction of a surrogate depends is not required. (*Sheldon* v. *Wright, supra.*) The writ of prohibition was not, therefore, an appropriate remedy in this case, and was very properly denied for the reasons already stated. But if the case is to be examined on the merits, the result will be equally conclusive against the writ. The claim of the objector is that the decedent, at the time of his death had two residences, one at Cold Spring, in Putnam county, where he spent his time in summer, and one in New York city, where he spent his winters. Residence has much the same signification as domicile, and means the place where a person lives and has his fixed permanent home and principal establishment, and where a person has two residences at different seasons of the year, that will be deemed his domicile or home which he himself selects or describes as his home, or where he votes or exercises the rights and duties of a citizen. (Burrill's Law Dictionary, title Domicile.) Residence, combined with intention, constitutes a domicile, and the fact depends much on the intention of the party. (2 Kent's Com., 431.)

Under these rules the facts before us show that Mr. James, at the time of his death, had his residence and domicile in Putnam county. He so declared in his will, and several deeds which he executed under seal. He declared in conversation that he resided

there and that his home was there ; thut he voted there and paid his taxes there. He was a special road commissioner for that county and ran there for the office of member of assembly. These facts are potent to establish the unequivocal intention of the decedent to make and continue his home at Cold Spring, and there is nothing to manifest any change or revolution of such intention. Another reason for the denial of the writ of prohibition in this case is, tnat the relator had a complete and adequate remedy by appeal from the decision of the surrogate, on which the whole question could be reviewed.

The discretion of the court was well exercised in the denial of the writ, and the order should be affirmed, with costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order dismissing writ affirmed, with costs.