was amended on August second by stipulation extending the stay until October 1, 1920, on condition of no further stay. On October 4, 1920, the relator applied to this defendant, as clerk of the Municipal Court, for a warrant in execution of the final order. But as chapter 942 of the Laws of 1920 had been passed ou September 27, 1920, the clerk refused the warrant. The constitutionality of said act was the principal question involved.

*Grover M. Moscowitz* and *Sidney F. Strongin* for appellant.

*John P. O'Brien, Corporation Counsel* (*William B. Carswell* of counsel), for respondent.

*William D. Guthrie, Julius Henry Cohen, Elmer G. Sammis* and *Bernard Hershkopf* for Joint Legislative Committee.

Order affirmed, with costs, on opinion of Pound, J., in *People ex rel. Durham Realty Corp.* v. *La Fetra* (230 N. Y. 429).

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound and Andrews, JJ.; Crane, J., concurs in result on opinion in *Guttag* v. *Shatzkin* (230 N. Y. 647); McLaughlin, J., dissents on dissenting opinion in *Levy Leasing Co.* v. *Siegel* (230 N. Y. 634).

---

The People of the State of New York ex rel. H. D. H. Realty Corporation, Appellant, *v.* William J. Murphy, as Clerk of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, Respondent.

*Landlord and tenant — summary proceedings — when warrant of eviction properly denied — mandamus — constitutionality of chapter 942 of Laws of 1920.*

*People ex rel. H. D. H. Realty Corpn.* v. *Murphy*, 194 App. Div. 530, affirmed.

(Argued January 19, 1921; decided March 8, 1921.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1920, which reversed an order of Special Term granting a motion for a peremptory writ of man-

damus to compel defendant to issue to relator a warrant to execute a final order in summary proceedings to evict from premises belonging to relator a tenant who held over after the expiration of his term. The petition showed that in a proceeding in the Municipal Court a final order had been made awarding possession of the premises to the landlord on the ground that the tenant's term had expired. Defendant contended that the dispossess proceeding was pending on the day chapter 942 of the Laws of 1920 was passed and that that statute forbade issuance of a warrant under the circumstances of this case.

*Charles C. Peters* for appellant.

*John P. O'Brien, Corporation Counsel* (*John F. O'Brien, Henry J. Shields* and *James D. O'Sullivan* of counsel), for respondent.

*William D. Guthrie, Julius Henry Cohen, Elmer G. Sammis* and *Bernard Hershkopf* for Joint Legislative Committee.

Order affirmed, with costs, on opinion of POUND, J., in *People ex rel. Durham Realty Corp.* v. *La Fetra* (230 N. Y. 429).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ.; CRANE, J., concurs in result on opinion in *Guttag* v. *Shatzkin* (230 N. Y. 647); McLAUGHLIN, J., dissents on dissenting opinion in *Levy Leasing Co.* v. *Siegel* (230 N. Y. 634).

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYDNEY BALLIN, Appellant, *v.* THOMAS O'CONNELL, Clerk of the Municipal Court of the City of New York, Borough of Manhattan, First District, Respondent.

*Landlord and tenant — summary proceedings — when warrant of eviction properly denied — mandamus — constitutionality of chapter 942 of Laws of 1920.*

*People ex rel. Ballin* v. *O'Connell,* 194 App. Div. 540, affirmed.

(Argued January 19, 1921; decided March 8, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department,