In the Matter of the Application of SAMUEL LUBIN, Petitioner. IRA E. RIKER, Individually and as Clerk of the Municipal Court of the City of New York, Borough of Queens, Fourth District, Respondent.

Supreme Court, Special Term, Queens County, December 21, 1943.

*Nathan Tolk* for petitioner.

*Martin M. Alpert* for Streg, Inc., landlord.

*Nathaniel L. Goldstein, Attorney-General* (*Frank Slattery* of counsel), for respondent.

CUFF, J. This is an application for an order of prohibition against the Clerk of the Municipal Court of the City of New York, Fourth District, for the borough of Queens, who is about to issue a warrant of dispossess against petitioner. The court permitted counsel for the landlord to argue and file a brief because of his client's interest.

The facts are: Petitioner was a tenant of Streg, Inc., under a written lease which expired September 30, 1943, in premises in Queens Borough. Because petitioner refused to move from the premises, the landlord instituted summary proceedings on October 4, 1943, in the aforesaid Fourth District Court. The basis of the proceeding was that petitioner was holding over beyond the term of his lease against the will of the landlord. The Justice of the Municipal Court resolved the issue in favor of the landlord, and on October 7, 1943, granted a final order which awarded possession of the premises to the landlord. Issuance of the dispossess warrant was twice stayed by the learned Municipal Court Justice upon certain conditions which were complied with so that expulsion of the tenant was delayed until and including November 30, 1943. On November 1, 1943, the Federal Rent Regulation for Housing became effective in the area wherein the premises are located. (8 Fed. Reg. 13914.) Those regulations prohibited removal by a landlord of a tenant " from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise * * * " [so long as the tenant continues to pay the rent to which the landlord is entitled] [§ 6, subd. (a)].

The proceeding in the Municipal Court was an action to evict the holdover and recover possession for the owner. It could not have been instituted after October 31, 1943, because the next day the above regulation invalidated such proceedings for the present. The question presented is: Did subdivision (a) of section 6 aforesaid have application to the above state of facts?

The final order had been made in the summary proceeding on October 7, 1943. All that remained to be done was for the Clerk to issue the warrant. To perform that act is but to discharge a ministerial duty. (*People ex rel. Trost* v. *Bird,* 184 App. Div. 779; *People ex rel. Kilgallon* v. *Nuhn,* 92 Misc. 312; 10 Carmody on New York Pleading and Practice, § 543.) The determination which culminated in the final order was a judicial act (*People ex rel. Smith* v. *Russell,* 29 How. Pr. 176, 178) and the summary proceeding was concluded for all judicial purposes when that final order was entered on Octo-

ber 7, 1943.   The regulation directed against *removing* an occupant — a current or future act — was not intended to rescue an occupant already removed.   This occupant — the petitioner — was theoretically out of the premises, by virtue of the final order which was the judgment of the Municipal Court. An order of prohibition may be directed to a judicial officer, but not against a person performing " ministerial action " (10 Carmody on New York Pleading and Practice, § 807). It is a remedy to thwart the exercise of judicial discretion where courts seek to exceed their powers of jurisdiction.   (*People ex rel. Bender* v. *Milliken,* 185 N. Y. 35, 39.)   No abuse of that kind exists in this case.   Prohibition is not available on these facts.

The interpretation of the Office of Price Administration (Interpretation 6-I, issued May 29, 1942, revised May 15, 1943, published in Rent Regulation for Housing with Official Interpretations [Washington, D. C., 1943], p. 69) of its own regulation with which this decision happens to be in harmony, is not helpful because that interpretation, in part, extends the authority of the Office of Price Administration beyond the terms of the Regulation itself.   Application denied.