In the Matter of CONCORD ESTATES, INC., Petitioner, against MARTIN J. BURKE, as Clerk of the Municipal Court of the City of New York, Borough of Bronx, Second District, et al., Respondents.[*]

Supreme Court, Special Term, Bronx County, February 9, 1944.

*Joseph Krimsky* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Samuel J. Krin* of counsel), for respondents.

WASSERVOGEL, J. The petition herein seeks to compel the issuance of a warrant by the Clerk and a Justice of the Municipal Court in a certain summary holdover proceeding instituted by petitioner as landlord against the tenant whose lease expired on October 19, 1943. The summary proceeding

[*] See, also, *Weiss* v. *Metropolitan Life Ins. Co.,* 184 Misc. 122, and footnote thereto.— [REP.

was instituted on October 20, 1943. On October 27, 1943, a final order was entered directing that a warrant of dispossess issue on January 31, 1944. The respondents thereafter, on February 2, 1944, refused to issue the warrant on the ground that on November 1, 1943, the Office of Price Administration's Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13914) issued pursuant to Federal law, became effective and thus nullified the direction that the warrant issue on January 31, 1944. There are conflicting decisions in the United States District Court in this district on this subject. The court adopts the reasoning and authority of *Schwartz* v. *Trajer Realty Corporation* (56 F. Supp. 930). In this case it was held that since the landlord-tenant relationship is not terminated until the issuance of the warrant, a warrant may not be issued after November 1, 1943, so long as the tenant pays his rent, even though the issuance of the warrant had been directed by an order entered prior to November 1, 1943. The relief sought by petitioner is denied.