Max A. Weiss et al., Plaintiffs, *v.* Metropolitan Life Insurance Co., Defendant.

Supreme Court, Special Term, Bronx County, March 24, 1944.

*S. Robert Zimmerman* for plaintiffs.

*Eugene Tuck* and *Meyer W. Greenwald* for defendant.

Hofstadter, J. Plaintiffs move for an injunction staying the defendant and a city marshal from proceeding with a warrant to dispossess them from their apartment in premises owned by the defendant.

After the expiration of the tenants' two-year lease on September 30, 1943, the landlord instituted summary holdover proceedings in the Municipal Court and obtained a final order on October 15, 1943, awarding it possession of the premises. However, the Municipal Court Justice simultaneously stayed all proceedings on the part of the landlord until January 15, 1944, and the tenants were continued in possession. In the meantime, the Rent Regulation for Housing in New York City Defense-Rental Area (8 Fed. Reg. 13914) was promulgated on November 1, 1943, in accordance with the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*).

*Thereafter* on March 1, 1944, the landlord procured a warrant of dispossess.

Since the landlord-tenant relationship is not terminated until the issuance of the warrant, and a warrant was not issued before November 1, 1943, the tenants are entitled to the protection of the rent regulations. (*Matter of Concord Estates* v. *Burke,* 184 Misc. 347; *Schwartz* v. *Trajer Realty Corporation,* 56 F. Supp. 930; *Leeb* v. *Elmorton Hldg. Corporation,* U. S. Dist. Ct., S. D. N. Y., Jan. 19, 1944, Coxe, J.; *Lubin* v. *Streg, Inc.,* 56 F. Supp. 146.\*)

Motion granted, on condition that the tenants pay all rent to date and continue to pay rent monthly as it becomes due.

Settle order.

\* See, also, *Cohen* v. *Reckseit,* 184 Misc. 107. Cf. *Matter of Lubin* (*Riker*), 182 Misc. 835.— [Rep.