734 FIFTH AVENUE CORPORATION, Landlord, *v.* KENT-COSTIKYAN, INC., Tenant, and " JOHN DOE ", Undertenant or Assign.

Municipal Court of the City of New York, Borough of Manhattan, January 18, 1945.

*Francis O. Mayer* for landlord.

*Edwin Foster Blair* for tenant.

WAHL, J.  In this holdover proceeding the tenant has not controverted any of the allegations of the landlord's petition. It sets forth in its answer certain facts, more particularly hereinafter referred to, which, it contends, constitute an equitable defense to the relief demanded by the landlord or, at least, entitled it to a stay of execution of the warrant until February 1, 1945.

It appears from the pleadings, as well as the evidence adduced at the trial, that the parties hereto executed an instrument, dated January 20, 1942, whereby the landlord leased to the tenant the second floor annex in premises No. 730 Fifth Avenue, New York City, for a term ending February 1, 1945, at a rental of $500 per month.  This instrument contained what is usually referred to as a "ninety-day cancellation clause".  By a notice dated July 28, 1944, the landlord exercised its rights to cancel said lease by a notice to terminate it as of October 31, 1944.  Upon being informed by the tenant of the difficulties in obtaining other quarters, the landlord consented to extend the tenancy and entered into a further lease with the tenant, which expired December 31, 1944.  The tenant thereupon made numerous efforts to obtain comparable, permanent or temporary, space without success.  The court is satisfied that the tenant's inability to obtain suitable space is due to the critical commercial rent situation in this city, which was referred to in

**the** message to the Legislature by the Governor of this State, **and** has resulted in the introduction in both houses of the State **L**egislature of corrective bills. The court cannot help but take judicial notice of this drastic situation and of the difficulties in which many business concerns, particularly those whose leases are about to expire, must now find themselves involved. The obvious and distressful effects of the war — some of which have been observed directly — may not be disregarded by the court. The tenant, however, has been able to obtain a lease for space, at an increased rental, in a building at 307 East 63d Street, New York City, which space is not available until February 1, 1945. The tenant exhibited such lease to the landlord as well as a guarantee by the present occupants of said space that such space would be available for occupancy by the tenant by February 1, 1945, at the latest.

The landlord has not shown that it will be prejudiced or damaged if the tenant is permitted to continue in possession for the month of January, 1945. On the other hand, it appears that the tenant, which has been engaged in the antique and modern rug business since 1886 and whose gross income is about $135,000 annually, and having on its premises, presently, forty tons of rugs, will be seriously, if not irreparably, damaged if forced to vacate its present quarters.

While, under section 1425 of the Civil Practice Act an equitable defense may be interposed in a summary proceeding, I conclude that the facts submitted by the tenant do not constitute such defense. The landlord is therefore entitled to a final order.

The only question remaining is whether the tenant is entitled to the stay requested. This involves a determination of the following questions: (1) has this court the power to grant a stay in a proceeding, such as the one at bar, for the length of time requested by the tenant; and (2) if this court has such power, has the tenant shown such facts as warrant the exercise thereof.

After thoughtful consideration, the court is satisfied that the facts proved by the tenant entitle it to the stay requested within the power of this court to grant.

Subdivision 3 of section 6 of the New York City Municipal Court Code (L. 1915, ch. 279, as amd. by L. 1920, ch. 210) empowers this court to stay the execution of a warrant in a summary proceeding provided the tenant deposits in court the rent therein specified. Counsel for the landlord urges that this section was passed by the Legislature because of the then housing shortage and to protect tenants of dwelling premises and

that it is the uniform practice of this court to limit the application of this section to dwellings. Counsel has not cited any reported opinion which expressly limits its application to dwellings or expressly excludes its application to commercial premises. The section itself, quite significantly, does not limit its application to any particular type of premises. Although in enacting it the Legislature might have been, probably was, influenced by the then housing shortage, nevertheless, the fact cannot be overlooked that the statute itself does not confine its provisions to dwellings solely. If that had been the legislative intention, it would have been a simple matter to insert appropriate language therein to such effect. When the Legislature was desirous of conferring upon the court the power to grant a discretionary stay of six months in summary proceedings involving dwelling premises in New York City, it is not without significance that it expressly used the word " dwelling " in the statute (see Civ. Prac. Act, § 1436-a). Even though there are no known reported cases granting a stay of thirty days in holdover proceedings involving commercial property, the times, conditions and the equities call for a forthright determination.

In view of the foregoing, I am of the opinion that this court, upon the facts presented, has the power to grant the stay requested, and, further, that the tenant has shown sufficient evidence to justify the exercise of such power.

The execution of the warrant is accordingly stayed until January 31, 1945, upon the tenant's making the deposit required by subdivision 3 of section 6 of the New York City Municipal Court Code.