Morris Cohen, Landlord, *v.* Maxwell P. Reckseit, Individually and Doing Business as M. P. R. Dress Co., Tenant.*

Municipal Court of the City of New York, Borough of Manhattan, February 13, 1945.

* See, also, *Twentieth Century Associates* **v.** *Waldman,* 184 Misc. 24, and footnote thereto.— [Rep.

*Harry Nassberg* for tenant.

*Robert Hoffman* for landlord.

WAHL, J. On January 18, 1945, I wrote an opinion in this dispossess proceeding against the tenant as a '' hold-over '' of commercial space, after trial, granting a final order in favor of the landlord, but staying the issuance and execution of the warrant to January 30, 1945.*

The tenant now moves for an order '' granting to the tenant a further stay of the issuance of the warrant of dispossess, which has heretofore been granted to January 30th, 1945, for the period of the existence of the emergency declared in the bill passed by the Legislature of the State of New York and which became law with the approval of the Governor on January 24th, 1945, and any extension thereof, and for an order enjoining and staying the Clerk of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, from issuing any warrant of dispossess against the tenant in this proceeding, and prohibiting the issuance thereof during the said emergency and any extension thereof, and for such other, further and different relief as to this Court may seem just and proper in the premises.''

The relief sought is made under chapter 3 of the Laws of 1945 (the Commercial Rent Law), which became effective on January 24, 1945, prior to the issuance of any warrant in this proceeding.

The stay was originally granted in this proceeding to January 30, 1945, under the authority vested in me to grant a stay up to thirty days, in the discretion of the court, under subdivision 3 of section 6 of the New York City Municipal Court Code.

The tenant has offered to pay the emergency rent.

The final order heretofore entered in this proceeding was validly made and constituted a judgment on the issues con-

---

* See, also, *734 Fifth Ave. Corp.* v. *Kent Costikyan, Inc.,* 184 Misc. 12. — [REP.

tained therein. This judgment became final upon failure to appeal therefrom, and could not be affected by legislation enacted subsequent to its rendition. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 58, and cases cited therein. See, also, *People ex rel. H. D. H. Realty Corp.* v. *Murphy,* 194 App. Div. 530, 538, affd. 230 N. Y. 654.)

However, procedural matters are governed by the law in force when they arise. Under that rule, procedural statutes are generally retroactive in that they apply to pending proceedings, unless their language indicates a contrary intention, and are not confined in their operation to actions or proceedings commenced after their enactment, although, with respect to such pending proceedings, they only affect procedural steps taken after their enactment. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 55, and cases cited therein.) The statute in question herein is procedural, in my opinion.

The present proceeding is still "pending" as no warrant of dispossess had been issued under the final order on or before January 24, 1945, and has not been issued since. (*People ex rel. Rayland Realty Co., Inc.,* v. *Fagan,* 230 N. Y. 653; *People ex rel. H. D. H. Realty Corp.* v. *Murphy,* 194 App. Div. 530, 535, 536, affd. 230 N. Y. 654.*) Thus, here, the tenant was still in possession on January 24, 1945, and, the premises being of the "commercial space" classification, chapter 3 of the Laws of 1945, which became effective on that date, applies to this pending proceeding and the parties thereto come within the inhibitions of that statute unless it appears that one or more of the exemptions contained in the statute exists. No such exemption having been shown, the tenant-occupant of the premises in question became a member of that "preferred class" entitled to remain in possession of the premises for the period of the emergency declared by the Legislature so long as he pays the "emergency rent". (See *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429, 438, 439.) Although the conventional relationship of landlord and tenant no longer exists between the parties, a "statutory relationship" exists by which the landlord may not evict his statutory tenant, although he remains as free to depart as he was prior to the emergency Commercial Rent Law.

Although chapter 3 of the Laws of 1945 creates a statutory stay in favor of an occupant of commercial space without further judicial action (see *People ex rel. H. D. H. Realty*

---

* See, also, *Weiss* v. *Metropolitan Life Ins. Co.,* 184 Misc. 122.— [REP.

*Corp.* v. *Murphy,* 194 App. Div. 530, 537), and irrespective of any general or blanket order against the issuance of warrants which may have been directed to the clerks of the various district Municipal Courts (see Administrative Order to Clerks, No. 7, dated January 29, 1945, from President Justice KEYES WINTER), the tenant is entitled to an order for a further stay in the pending proceeding for the emergency period in order to insure notice to himself of any contemplated change in the stay.

Although I have given careful consideration to my right to dismiss the proceeding under chapter 3 of the Laws of 1945, I decline to do so for the reason that any change· in the act, accomplished either by judicial decisions or amending statutes, would impose the added burden on the landlord of instituting a new summary proceeding for future relief. By granting a stay, and not dismissing the proceeding, the landlord will be in a position in the future to assert any rights, in this same proceeding, which may accrue to him by judicial decisions or amending statutes affecting chapter 3 of the Laws of 1945, while the tenant is fully protected in the interim.

The remaining question confronting me is the question of jurisdiction and power to make an order containing a further stay of the issuance of the warrant for the period of the emergency declared by the Legislature. Section 1446 of the Civil Practice Act would seem to limit the power of the Municipal Court or any judge or justice thereof to grant any further stay of the issuance of the warrant, and the provisions of subdivision 3 of section 6 of the New York City Municipal Court Code, pertaining to stays of the issuance of warrants to dispossess are not applicable. However, a further study of the practice acts, the statutes and rules of construction pertaining to them, the particular statute in question here, and cases controlling in the Emergency Housing Laws of 1920 and subsequent years, has led me to the conclusion that the power of the Municipal Court has been enlarged since January 24, 1945, to grant a stay for the period of the duration of the existing public emergency as declared in chapter 3 of the Laws of 1945, to wit, to July 1, 1946, in cases which come within the purview of the said act.

Chapter 3 of the Laws of 1945 (Commercial Rent Law) is a special act. The Civil Practice Act is a general law. Under rules of statutory construction, the special act, when dealing with the same subject as the general law or part thereof, creates an exception to the general rule. The general

law retains its force, but an exception is made for the particular case covered by the special act. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 397.) "This rule of construction, when applied to the case at hand, gives effect to the presumable object of the law as well as to its letter". (CARDOZO, J., in *East End Trust Co.* v. *Otten,* 255 N. Y. 283.)

Section 8 of chapter 3 of the Laws of 1945 provides: " no tenant shall be removed from any commercial space, by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession ". The only manner in which the occupant can be removed legally is by the execution of a warrant to dispossess. Hence, it is implicit in the act that no warrant is to issue in a case such as this. This creates an exception to the restrictions under section 1446 of the Civil Practice Act.

I find that the power of the Municipal Court has been enlarged since January 24, 1945, to grant a stay for the period of the duration of the existing public emergency as declared in chapter 3 of the Laws of 1945, to wit, to July 1, 1946, so long as the tenant pays the "emergency rent ". It follows that, if the Legislature subsequently extends the life of the said public emergency, an extension of the stay may be granted upon further application of the tenant.

The tenant's motion is granted to the extent that the issuance of any warrant to dispossess against the tenant in this proceeding is hereby stayed to July 1, 1946.