OPINION OF THE COURT
Roger N. Rosengarten, J.
This is an action by the owner of record of a private residential community in Queens County for monies allegedly owed to it, pursuant to certain covenants and restrictions, by defendant, a homeowner within the confines of said community.
Plaintiff moves (1) for an order dismissing defendant’s third affirmative defense claiming a lack of personal jurisdiction due to improper service; (2) for a protective order, pursuant to CPLR 3103, from defendant’s discovery demands; and (3) for an order striking defendant’s notice to take deposition upon oral examination.
That part of plaintiff’s motion seeking dismissal of defendant’s third affirmative defense is granted on consent.
That part of the motion seeking a protective order pursuant to CPLR 3103 is decided as follows:
Defendant pro se in his notice of discovery and inspection sought production "for the purposes of discovery and inspection * * * photographing and non-destructive testing” of certain documents within the possession of the plaintiff. Although brought pursuant to "Article 31 of the Civil Practice Law and Rules,” the court deems these demands as brought pursuant to CPLR 3120 ("Discovery and production of documents and things for inspection, testing, copying or photographing”).
Plaintiff moved for a protective order from this discovery demand pursuant to CPLR 3103 ("Protective orders”). Plaintiff’s proper course of action, however, was to respond to defendant pursuant to CPLR 3122 ("Objection to disclosure, inspection or examination”). These two sections of the CPLR *917 are in direct conflict. The former provides for protection by motion. The latter requires a party objecting to a notice for discovery to serve a response, within 20 days, on the requesting party stating objections with reasonable particularity, whereupon the requesting party may move for an order to compel disclosure pursuant to CPLR 3124. Thus, CPLR 3122, as amended, seems intended to diminish judicial involvement until the point where the parties have exhausted all attempts at resolution.*
Statutory construction requires that where a general statute and a specific statute dealing with the same subject matter are in apparent conflict, the specific creates an exception to the general and courts will defer to the more specific statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes § 397; East End Trust Co. v Often, 255 NY 283; Board of Coop. Educ. Servs. v Goldin, 38 AD2d 267; St. Germain v St. Germain, 25 AD2d 568; Cohen v Reckseit, 184 Misc 107; Regan v City of New York, 177 Misc 98.) In addition, explicit language of a later enactment controls general words of an earlier statute. (Horowitz v Incorporated Vil. of Roslyn, 144 AD2d 639; People v Doe, 117 Misc 2d 35.) In light of the foregoing, the court finds the more specific discovery rule, CPLR 3122, applicable in place of the more general CPLR 3103.
The court raises this issue to place the Bar on notice of these relatively new CPLR provisions, which were enacted to streamline motion practice. However, denial of this motion would no doubt result in further consumptive motion practice on the discovery issues raised herein, which the new statutory scheme seeks to obviate. As this would, in turn, further defer a final resolution of this action, the court, in the interests of judicial economy, grants the motion in part and denies it in part, making the following findings:
That part of plaintiffs motion seeking relief from defendant’s notice of discovery and inspection is denied as to the documents demanded in paragraphs lettered (a), (b), (d), (e), (h), (i), (k) and (1). Within 30 days of entry of the attached order, plaintiff is directed to comply with said demands. In all other respects, as the remaining demands are either over- *918 broad, vague or incomprehensible, the motion is granted and the demands are stricken.
That part of plaintiffs motion seeking to strike defendant’s notice to take oral deposition is denied with respect to paragraphs (e) and (h) thereof. Those issues noticed in paragraphs (c) , (g) and (j) are stricken as vague and overbroad; paragraph (d) is stricken as overbroad; paragraphs (k) and (1) are stricken as irrelevant; paragraph (i) is stricken as vague, overbroad and irrelevant; paragraph (f) is stricken as privileged and paragraphs (a) and (b) are stricken as duplicative of defendant’s notice of discovery and inspection. Plaintiff is directed to submit to an examination before trial at Special Term, Part 2 of this court on August 31, 1995 or at such place as the parties may fix by written stipulation.
The court notes that defendant submitted a document entitled "sur reply.” Although the CPLR does not provide for any such document, the court has accepted its submission and, with respect to defendant’s contentions therein, rules as follows:
1. Defendant’s oft repeated contention, that Uniform Rules for Trial Courts (22 NYCRR) § 202.8 (d) requires oral argument before the court, is without merit. Oral argument is wholly within the discretion of the court, as the pertinent part of the aforementioned subsection, were it applicable in this court, states that "[t]he assigned judge, in his or her discretion or at the request of a party * * * may determine that any motion be orally argued and may fix a time for oral argument.” (Emphasis added.)
Part 202 of 22 NYCRR is entitled "Uniform Civil Rules for the Supreme Court and the County Court” and, as such, is inapplicable to the Civil Court of the City of New York. The dispositive part of 22 NYCRR is section 208, entitled "Uniform Civil Rules for the New York City Civil Court.” Section 208.11 (b), dealing with motion procedure, leaves the issue of oral argument wholly to the discretion of the assigned Judge. It states, in pertinent part:
"(2) A judge presiding in any part of court where motions are returnable may determine that any or all motions in that part be orally argued.
"(3) Unless oral argument has been requested by a party and permitted by the court, or directed by the court, motion papers * * * shall be deemed submitted”. (Emphasis added.)
2. Defendant’s further contention that "[plaintiff] should *919 have had an [ ]affirmation that a good faith effort had been made to resolve the [disclosure] issues raised in the motion was [sic] annexed to it [the motion]” pursuant to 22 NYCRR 202.7 is inapplicable in this court for the above-stated reasons. Part 208 of 22 NYCRR contains no similar requirement.

 The Legislature broadly revised CPLR 3122 in 1993 (L 1993, ch 98, § 9). The old CPLR 3122, in harmony with CPLR 3103, stated that a party objecting to disclosure demands was free to move for a protective order within 10 days of receipt of notice pursuant to CPLR 3120. As the summons and verified complaint were served upon defendant, by substituted service, on October 22, 1994, the new CPLR 3122 applies.